ACCEPTED
04-15-00117-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/2/2015 2:57:19 PM
KEITH HOTTLE
CLERK

NO. 04–15–00117–CV

IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS
AT SAN ANTONIO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
04/2/2015 2:57:19 PM
KEITH E. HOTTLE
Clerk

RHINO CONTRACTORS, LLC,

APPELLANT,

V.

VULCAN CONSTRUCTION MATERIALS, LP,

APPELLEE.

On Appeal from the 288th District Court
Bexar County, Texas

**BRIEF OF APPELLANT**

EDWARD F. VALDESPINO
State Bar No. 20424700
edward.valdespino@strasburger.com
Judith R. Blakeway
State Bar No. 02434400
Judith.Blakeway@strasburger.com
STRASBURGER & PRICE, LLP
2301 Broadway
San Antonio, Texas 78215
Telephone: (210) 250-6000
Facsimile: (210) 250-6100

**ATTORNEYS FOR APPELLANT
RHINO CONTRACTORS, LLC**

**Identity of Parties and Counsel**

In accordance with Rule 38.1(a) of the Texas Rules of Appellate Procedure, Appellees provide the following complete list of all parties and counsel to the trial court's order that forms the basis of this appeal.

| *Party* | *Counsel* |
|---|---|
| RHINO CONTRACTORS, LLC<br>*Appellant* | EDWARD F. VALDESPINO<br>State Bar No. 20424700<br>edward.valdespino@strasburger.com<br>Judith R. Blakeway<br>State Bar No. 02434400<br>Judith.Blakeway@strasburger.com<br>STRASBURGER & PRICE, LLP<br>2301 Broadway<br>San Antonio, Texas 78215<br>Telephone: (210) 250-6000<br>Facsimile: (210) 250-6100 |
| VULCAN CONSTRUCTION MATERIALS, LP<br>*Appellees* | Robert W. Wachsmuth<br>State Bar No. 20626000<br>bob@rwwattorneys.com<br>Zachary J. Fanucchi<br>State Bar No. 24028548<br>zach@rwwattorneys.com<br>Robert Wachsmuth & Associates, PC<br>9311 San Pedro Ave., Suite 707<br>San Antonio, Texas 78216<br>Telephone:   (210) 342–2707<br>Facsimile:   (210) 342–2701 |

1785604.1/SPSA/36984/0101/040215

## Statement Regarding Oral Argument

This case involves the straightforward application of well–established law to undisputed facts. Therefore, oral argument is unlikely to significantly aid the court in its disposition.

1785604.1/SPSA/36984/0101/040215

# Table of Contents

Identity of Parties and Counsel ................................................................................... ii

Statement Regarding Oral Argument ........................................................................ iii

Table of Contents ........................................................................................................ iv

Table of Authorities .................................................................................................... vi

Statement of the Case ................................................................................................... 1

Issues Presented ............................................................................................................ 2

Statement of Facts ........................................................................................................ 3

Summary of Argument ................................................................................................. 5

Standard of Review ...................................................................................................... 7

Argument and Authorities ........................................................................................... 7

    I.      The trial court erred in denying the motion for new trial because Rhino did not receive notice of the suit. ............................................... 7

    II.    The trial court erred in failing to grant the motion for new trial because Rhino established the *Craddock* factors. ................................ 9

        A.      Rhino's failure to appear was not intentional or the result of conscious indifference. ....................................................... 9

        B.      Rhino had a meritorious defense. ............................................ 10

        C.      Granting the motion for new trial would not prejudice Vulcan. ...................................................................................... 11

    III.   The evidence is legally and factually insufficient to support the judgment. ..................................................................................... 12

        A.      The actual damages awarded by the trial court are not supported by legally or factually sufficient evidence. .............. 13

        B.      The award of prejudgment interest is not supported by legally or factually sufficient evidence. ................................... 16

        C.      The award of attorney's fees is not supported by legally or factually sufficient evidence. ................................................ 17

1785604.1/SPSA/36984/0101/040215

Conclusion ......................................................................................18

Certificate of Compliance .................................................................19

Certificate of Service .......................................................................20

Appendix ........................................................................................21

      1.     Default Judgment

      2.     Original Petition

      3.     Motion for Entry of Default Judgment

      4.     First Amended Motion to Set Aside Default Judgment

1785604.1/SPSA/36984/0101/040215

# Table of Authorities

**Page(s)**

**CASES**

*Andrews v. East Tex. Medical Ctr.–Athens*,
885 S.W.2d 264 (Tex. App.–Tyler 1994, no writ) ...............................................13

*Arenivar v. Providian Nat'l Bank*,
23 S.W.3d 496 (Tex. App.–Amarillo 2000, no pet.) ..........................................12

*Arthur Andersen & Co. v. Perry Equip Corp.*,
945 S.W.2d 812 (Tex. 1997) ....................................................................2, 6, 17

*Barnes v. Stone Way Ltd. Partnership,*
330 S.W.3d 925 (Tex. App.–Beaumont 2011, no pet.) ......................................10

*Brown Electric. Contractors, Inc. v. Kelly*,
595 S.W.2d 610 (Tex. Civ. App.–Austin 1980, no writ) ...................................14

*Caldwell v. Barnes*,
154 S.W.3d 93 (Tex. 2004)........................................................................................8

*Central Tex. Micrographics v. Leal*,
98 S.W.2d 292 (Tex. App.–San Antonio 1995, no writ)....................................18

*Craddock v. Sunshine Bus Lines, Inc.*,
133 S.W.2d 124 (Tex. 1939) ...............................................2, 6, 8, 9, 10, 11, 18

*Dibco Underground, Inc. v. JCF Bridge & Concrete Inc.*,
No. 03–09–00255–CV, 2010 Tex. App. LEXIS 2531 (Tex. App.–Austin
2010, no pet.) ......................................................................................................14

*Dolgencorp of Tex., Inc. v. Lerma*,
288 S.W.3d 922 (Tex. 2009) .....................................................................10, 11

*El Apple I, Ltd. v. Olivas*,
370 S.W.3d 757 (Tex. 2012) .............................................................................18

*Enernational Corp. v. Exploitation Eng'rs, Inc.,*
705 S.W.2d 749 (Tex. App.–Houston [1st Dist.] 1986, writ ref'd n.r.e.) .........15

*Estate of Pollack v. McMurrey*,
858 S.W.2d 388 (Tex. 1993) ..............................................................7, 10, 11

1785604.1/SPSA/36984/0101/040215

*Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*,
  186 S.W.3d 571 (Tex. 2006) ................................................................7, 8

*Gause v. Roden*,
  66 S.W.2d 400 (Tex. App.–Amarillo 1933, no writ)........................................15

*Griswold v. Carlson*,
  249 S.W.2d 58 (Tex. 1952)................................................................15

*Holt Atherton Indus., Inc. v. Heine*,
  835 S.W.2d 80 (Tex. 1992)................................................................12

*In re R.R.,*
  209 S.W.3d 112 (Tex. 2006) ..............................................................11

*Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*,
  962 S.W.2d 507 (Tex. 1998) ..............................................................16

*Jones v. Ben Maines Air Conditioning, Inc.*,
  621 S.W.2d 437 (Tex. Civ. App.–Texarkana 1979, no writ) ........................14, 15

*L'Arte De La Mode, Inc. v. Neiman Marcus Group,*
  395 S.W.3d 291 (Tex. App.–Dallas 2013, no pet.) ........................................10

*Mathis v. Lockwood,*
  166 S.W.3d 743 (Tex. 2005) ...............................................................8

*Mega Builders, Inc. v. Am. Door Prods. Inc.*,
  No. 01–12–00196–CV, 2013 Tex. App. LEXIS 2831 (Tex. App.–
  Houston [1st Dist.] 2013, no pet.)........................................................14

*Milestone Operating, Inc. v. Exxon Mobile Corp.*,
  388 S.W.3d 307 (Tex. 2012) ..........................................................7, 8, 10

*Mobilevision Imaging Svcs., L.L.C. v. Lifecare Hosp. of N. Tex.,*
  260 S.W.3d 561 (Tex. App.–Dallas 2008, no pet.) ..........................................8

*Nguyen v. Short, How, Frels & Heitz, P.C.*,
  108 S.W.3d 558 (Tex. App.–Dallas 2003, pet. denied)......................................14

*Otis Elevator Co. v. Parmelee*,
  850 S.W.2d 179 (Tex. 1993) ..............................................................12

1785604.1/SPSA/36984/0101/040215

*Panditi v. Apostle*,
　180 S.W.3d 924 (Tex. App.–Dallas 2006, no pet.) ........................................14, 15

*Peralta v. Heights Medical Ctr., Inc.*,
　485 U.S. 80, 108 S.Ct. 896 (1988)...............................................................7, 8

*Powers v. Adams*,
　2 S.W.3d 496 (Tex. App.–Houston [14th Dist.] 1999, no pet.) .........................13

*Red Hot Enter., LLC v. Yellow Book Sales & Distrib. Co.*,
　No. 04–11–00686–CV, 2012 Tex. App. LEXIS 5967 (Tex. App.–San
　Antonio 2012, no pet.) ...................................................................................16

*San Antonio Water Sys. v. McKnight*,
　No. 04–02–00239–CV, 2003 Tex. App. LEXIS 548, 2003 WL 141047
　(Tex. App.–San Antonio Jan. 22, 2003, no pet.) ................................................9

*Sutherland v. Spencer*,
　376 S.W.3d 752 (Tex. 2012) ..................................................................7, 8, 10

*Texas Commerce Bank, Nat'l Ass'n v. New*,
　3 S.W.3d 515 (Tex. 1999)...............................................................................12

*Texas Sting Ltd. v. RB Foods Inc.*,
　82 S.W.3d 644 (Tex. App.–San Antonio 2002, no pet.) ......................................9

*Tips v. Heartland Dev., Inc.*,
　961 S.W.2d 618 (Tex. App.–San Antonio 1998, no pet.) ..................................16

*Titan Indem. Co. v. Old South Ins. Group, Inc.*,
　221 S.W.3d 703 (Tex. App.–San Antonio 2006, no pet.) ..................................11

*Williamsburg Nursing Home, Inc. v. Paramedics, Inc.*,
　460 S.W.3d 168 (Tex. App.–Houston [1st Dist.] 1970, no writ) .......................15

*Woollett v. Matyastik*,
　23 S.W.3d 48 (Tex. App.–Austin 2000, pet. denied) ........................................18

**STATUTES**

Tex. Civ. Prac. & Rem. Code § 38.001(7) and (8)...................................................17

1785604.1/SPSA/36984/0101/040215

# RULES

TEX. R. CIV. P. 185.................................................................................13, 14, 15

TEX. R. CIV. P. 241 ....................................................................................12

TEX. R. CIV. P. 243 ....................................................................................12

1785604.1/SPSA/36984/0101/040215

# Statement of the Case

*Nature of the Case*

This is an appeal from a no–answer default judgment on a suit for breach of contract or, in the alternative, on a sworn account.

*Trial Court*

The Honorable David Canales
73rd Judicial District Court
The Honorable Stephanie Walsh
45th Judicial District Court
Bexar County, Texas
Cause No. 2014–CI–15870

*Trial Court Disposition*

Judge Canales granted Plaintiff's motion for default judgment. Judge Walsh denied Defendant's motion for new trial.

## Issues Presented

1.     **Did the trial court err in overruling Defendant's motion for new trial when Defendant's agent for service's testimony that she did not receive notice of suit before a default was entered was uncontroverted.**

2.     **Did the trial court err in denying Defendant's motion for new trial when Defendant established the *Craddock* factors, namely**

   ● **Defendant's failure to appear was not intentional or the result of conscious indifference;**

   ● **Defendant had a meritorious defense;**

   ● **granting the motion for new trial would not prejudice Plaintiff.**

3.     **Did the trial court err in refusing to grant a new trial when**

   ● **damages were unliquidated and the affidavit to prove damages stated that the outstanding principal balance of the attached account was due and unpaid, but no account was attached so that there was no evidence of the items sold, date, or charge for each item, or any details of how the amount was computed;**

   ● **the default judgment included prejudgment interest in the amount of $12,561.36 when the petition sought prejudgment interest at the rate of 18%, but the attached contract, which was the source for interest, provided for only a late fee of 1% per month on the unpaid balance, and there was no evidence of the rate of interest used, the accrual date, the unpaid balance to which interest was applied, or any other information about the interest calculation;**

   ● **the default judgment awarded $60,484.68 in attorney's fees, but the attorney's fee affidavit failed to state that the fees were reasonable or necessary, or any of the other *Arthur Andersen* factors, or to attach any billing records.**

1785604.1/SPSA/36984/0101/040215

**Statement of Facts**

Vulcan Construction Materials, LP ("Vulcan") sued Rhino Contractors, LLC ("Rhino") for breach of contract or, in the alternative, on a sworn account. C.R. 1–4. Vulcan pleaded that it had provided materials to Rhino for use in Rhino's construction business, that Rhino had failed and refused to pay amounts due and owing to Vulcan, and that Vulcan was owed a total of $454,846.76. C.R. 2. Vulcan requested attorney's fees and prejudgment interest at the rate of 18%. C.R. 2–3. Attached to the petition was an affidavit stating that "the outstanding principal balance of the attached account . . . the sum of $454,846.76 is . . . just and true, due and unpaid and that all just and lawful offsets, payments and credits have been allowed." C.R. 5. However, no account was attached.

Also attached to the petition was a commercial credit application which provided for a monthly late charge equal to "the lesser of one percent (1%) per month or the maximum amount permitted by State Law on outstanding balances on Applicant's account unpaid after thirty (30) days from the billing date." C.R. 7. It further provided that terms of each individual sale were set forth on each invoice. *Id.* But no invoices were attached.

After attempts at personal service were unsuccessful, Vulcan filed a motion for substituted service and obtained an order for substituted service, by leaving a copy of the petition and citation on the front door of Defendant's registered agent's

3

residence. C.R. 28–32. After Rhino failed to answer, Vulcan filed a motion for default judgment. C.R. 12. No additional evidence was introduced when the default was signed by Judge Canales. Instead, Vulcan relied upon the affidavit attached to its petition

In connection with its motion for default, Vulcan submitted an affidavit from its attorney. The attorney's fee affidavit merely stated that "usual and customary fees in this cause are $60,484.68," and contained no information about what was done, by whom, how long it took, at what hourly rate, the experience or qualifications of the attorney performing the services, or that the fees were reasonable or necessary. C.R. 15. No billing records or other documentation were attached. *Id.*

Nevertheless, Vulcan obtained a default judgment that awarded it damages of $454,846.76, prejudgment interest in the amount of $12,561.36, and $60,484.68 in attorney's fees.

Rhino filed a timely motion for new trial arguing that its failure to answer was not due to conscious indifference, but because it never received notice of the lawsuit. C.R. 18–21. Rhino further alleged a meritorious defense to Vulcan's claim, namely that there was a dispute as to the invoices underlying the alleged debt. C.R. 21–22. Rhino agreed to go to trial promptly and reimburse Vulcan for its costs in taking the default judgment. C.R. 18.

4

After the deadline for filing the motion for new trial, but while the trial court still had plenary jurisdiction, Rhino filed a first amended motion for new trial attaching affidavits from Nancy Russell, the registered agent for service of Rhino, stating that Rhino never received a copy of the petition until after the default judgment was issued. C.R. 55–94. Russell also stated that Vulcan's invoices contained numerous billing errors and that the amount sought by Vulcan was "substantially in excess of any outstanding balance to which Vulcan may ultimately be entitled." C.R. 63. A second affidavit from Russell attached a listing of outstanding balances of all transactions with Vulcan and payments made to Vulcan, and internal emails and notes regarding the disagreement with Vulcan over improper crediting of Rhino's accounts, demonstrating a bona fide dispute over the allowance of lawful payments, credits and offsets. C.R. 64–94.

The trial court granted leave to file Rhino's amended motion for new trial with the attached affidavits, C.R. 144, but denied Rhino's motion for new trial. C.R. 146. Rhino timely appealed. C.R. 155.

## Summary of Argument

The trial court erred in overruling Rhino's motion for new trial because Rhino's agent for service's testimony that she did not receive notice of suit before a default was entered was uncontroverted.

1785604.1/SPSA/36984/0101/040215

The trial court also erred in denying Rhino's motion for new trial because Rhino established the *Craddock* factors—Rhino's failure to appear was not intentional or the result of conscious indifference, Rhino had a meritorious defense, and granting the motion for new trial would not prejudice Vulcan.

Alternatively, assuming that Rhino is not entitled to a new trial on liability, it nevertheless is entitled to a new trial on damages because Vulcan's damages were unliquidated and not proved by legally or factually sufficient evidence. The affidavit Vulcan submitted to prove damages stated that the outstanding principal balance of the attached account was due and unpaid, but no account was attached so that there was no evidence of the items sold, date, or charge for each item, or any details of how the amount was computed. Similarly, the default judgment included prejudgment interest in the amount of $12,561.36 when the petition sought prejudgment interest at the rate of 18%, but the attached contract, which was the source for interest, provided for only a late fee of 1% per month, and there was no evidence of the rate of interest used, the billing date, the outstanding balance to which interest was applied, or any other information sufficient to allow the trial court to calculate pre–judgment interest. The attorney's fee affidavit was likewise defective, failing to state that the fees were reasonable or necessary, or any of the other *Arthur Andersen* factors, or to attach any billing records.

6

The judgment should be reversed and the case remanded for a new trial. In the alternative, the portions of the judgment assessing damages, attorney's fees and interest should be reversed and remanded for a new trial of those awards.

## Standard of Review

A trial court's ruling on a motion for new trial is reviewed for abuse of discretion. But if a defendant asserts that it did not file an answer because it never received notice, the default generally must be set aside. *Sutherland v. Spencer*, 376 S.W.3d 752 (Tex. 2012). Not receiving the citation is always a sufficient excuse for not answering. *Fidelity & Guaranty Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 574 (Tex. 2006); *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 391 (Tex. 1993). It is also an abuse of discretion to deny a new trial if "(1) the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part but was due to a mistake or accident; (2) the motion for new trial sets up a meritorious defense; and (3) granting the motion will occasion no delay or otherwise work an injury to plaintiff." *Milestone Operating, Inc. v. Exxon Mobile Corp.*, 388 S.W.3d 307, 309 (Tex. 2012).

## Argument and Authorities

**I. The trial court erred in denying the motion for new trial because Rhino did not receive notice of the suit.**

In *Peralta v. Heights Medical Ctr., Inc.*, 485 U.S. 80, 86, 108 S.Ct. 896, 899–900 (1988), the United States Supreme Court held that a defendant who has

1785604.1/SPSA/36984/0101/040215

never received notice of the pending litigation is not required to comply with *Craddock's* meritorious defense requirement. *Mathis v. Lockwood,* 166 S.W.3d 743, 744 (Tex. 2005); *Mobilevision Imaging Svcs., L.L.C. v. Lifecare Hosp. of N. Tex.,* 260 S.W.3d 561, 564 (Tex. App.–Dallas 2008, no pet.). If a defendant does not appear because he did not receive the suit papers, "the default generally must be set aside." *Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.,* 186 S.W.3d 571, 574 (Tex. 2006); *Caldwell v. Barnes,* 154 S.W.3d 93, 96–97 (Tex. 2004); *Sutherland v. Spencer,* 376 S.W.3d 752, 757 (Tex. 2012)(Jefferson J. dissenting)("Not receiving the citation is always a sufficient excuse for not answering.")

Here, the uncontroverted testimony[1] of Nancy Russell, Defendant's agent for service, that she did not receive a copy of the petition posted on the front door of her home is sufficient to entitle Rhino to a new trial. *Milestone Operating, Inc. v. Exxon Mobile Corp.,* 388 S.W.3d 307, 309 (Tex. 2012)(Defendant's agent's testimony that he did not recall being served sufficed even when eyewitness testified she saw process server hand him the suit papers). When, as here, a party receives no notice, she satisfies the first prong of *Craddock* and does not have to meet the remaining prongs of the test to be entitled to a new trial. *Peralta v.*

---

[1] The trial court granted leave to file Ms. Russell's affidavits, which were attached to the amended motion for new trial, on the day of the hearing on the motion for new trial. C.R. 144.

1785604.1/SPSA/36984/0101/040215

*Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1998); *Texas Sting Ltd. v. RB Foods Inc.*, 82 S.W.3d 644, 649 (Tex. App.–San Antonio 2002, no pet.).

**II.** **The trial court erred in failing to grant the motion for new trial because Rhino established the *Craddock* factors.**

    **A.** **Rhino's failure to appear was not intentional or the result of conscious indifference.**

More than 75 years ago, the Texas Supreme Court enunciated the standard that courts follow today in examining no answer default judgments. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). Under *Craddock,* a trial court must set a default judgment if (1) the failure of the defendant to answer before judgment was not intentional or the result of conscious indifference, but was due to a mistake or accident; (2) the motion for new trial sets up a meritorious defense; and (3) a new trial will cause neither delay nor undue prejudice to the plaintiff. *Id*; *see also San Antonio Water Sys. v. McKnight*, No. 04–02–00239–CV, 2003 Tex. App. LEXIS 548, 2003 WL 141047, at *1 (Tex. App.–San Antonio Jan. 22, 2003, no pet.); *Tex. Sting Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 650 (Tex. App.–San Antonio 2002, pet. denied). Thus, where the elements of the *Craddock* test are satisfied, a trial court abuses its discretion in denying a motion for new trial. *Tex. Sting, Ltd.*, 82 S.W.3d at 650.

Because Rhino never received the suit papers, it need not establish the *Craddock* factors. Nevertheless, Rhino did establish that its failure to appear was

9

not intentional or the result of conscious indifference. Nancy Russell testified that "because Rhino never received the petition prior to the entry of default judgment, Rhino's failure to answer the Petition was neither intentional nor due to conscious indifference." C.R. 62–93. This suffices to satisfy the first *Craddock* factor. *Milestone Operating, Inc. v. Exxon Mobile Corp.*, 388 S.W.3d 307 (Tex. 2012)(failure to recall being served sufficient); *Sutherland v. Spencer*, 376 S.W.3d 752 (Tex. 2012)(forgetting about suit because of weather and holidays sufficient excuse to negate intentional or consciously indifferent conduct); *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 391 (Tex. 1993)(lack of evidence that defense attorney knew his client had been served was enough to show failure to answer "could not have been intentional or the result of conscious indifference.")

## B. Rhino had a meritorious defense.

A motion sets up a meritorious defense if it alleges facts which in law would constitute a defense to plaintiff's cause of action and is supported by affidavits or other evidence providing prima facie proof that the defendant has such a defense. *Dolgencorp of Tex., Inc. v. Lerma,* 288 S.W.3d 922 (Tex. 2009); *L'Arte De La Mode, Inc. v. Neiman Marcus Group,* 395 S.W.3d 291, 294 (Tex. App.–Dallas 2013, no pet.); *Barnes v. Stone Way Ltd. Partnership*, 330 S.W.3d 925 (Tex. App.– Beaumont 2011, no pet.) Once evidence of a meritorious defense is established, the allegations supporting it must be taken as true in spite of controverting

1785604.1/SPSA/36984/0101/040215

evidence. *Dolgencorp of Tex., Inc. v. Lerma,* 288 S.W.3d 922 (Tex. 2009); *In re R.R.,* 209 S.W.3d 112, 116 (Tex. 2006); *Titan Indem. Co. v. Old South Ins. Group, Inc.*, 221 S.W.3d 703, 709 (Tex. App.–San Antonio 2006, no pet.)

Rhino established that the debt alleged by Vulcan was disputed, setting up a meritorious defense to Vulcan's claims for both sworn account and breach of contract. C.R. 63–94. Russell's affidavit established that Rhino had been double–billed and not properly credited with payments, offsets, and credits. *Id.* Rhino thus satisfied the second element of the *Craddock* standard.

## C.     Granting the motion for new trial would not prejudice Vulcan.

Rhino also satisfied the third *Craddock* factor by stating that Vulcan would not be prejudiced by granting the motion and by agreeing to go to trial promptly and reimburse Vulcan for its costs in taking the default judgment. C.R. 18–22. Once Rhino alleged that granting a new trial would not injure Vulcan, the burden of proof shifted to Vulcan to prove injury. *Dolgencorp v. Lerma*, 288 S.W.3d 922 (Tex. 2009); *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 393 (Tex. 1993). Vulcan did not meet its burden. It did not allege or prove a specific injury such as loss of witnesses or evidence, that would negate Rhino's claim of no undue delay or injury. Because Vulcan did not prove such harm or injury as would preclude the granting of a new trial, Rhino satisfied the third prong of the *Craddock* test.

11

**III.** **The evidence is legally and factually insufficient to support the judgment.**

Once a default judgment is taken against an non–answering defendant on an unliquidated claim, all allegations of fact set forth in the petition are deemed admitted, except for the amount of damages. *Texas Commerce Bank, Nat'l Ass'n v. New*, 3 S.W.3d 515, 516 (Tex. 1999). If the claim is liquidated and proved by an instrument in writing, the damages shall be assessed by the court. TEX. R. CIV. P. 241. A claim is liquidated if the amount of damages caused by the defendant can be accurately calculated from (1) the factual, as opposed to conclusory, allegations in the petition, and (2) an instrument in writing. *Arenivar v. Providian Nat'l Bank*, 23 S.W.3d 496, 497 (Tex. App.–Amarillo 2000, no pet.) If the damages being claimed are unliquidated, the court rendering a default judgment must hear evidence as to damages. TEX. R. CIV. P. 243; *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). The legal and factual sufficiency of evidentiary support for the amount of unliquidated damages may be challenged on appeal. *Otis Elevator Co. v. Parmelee*, 850 S.W.2d 179, 180–81 (Tex. 1993); *Heine*, 835 S.W.2d at 86. If a no evidence point is sustained as to unliquidated damages resulting from an uncontested, no–answer default judgment, the appropriate disposition is remand for a new trial on the issue of unliquidated damages. *See Id.*

Assuming without conceding that by its default, Rhino admitted the allegations in Vulcan's pleading that it agreed to pay some amount to Vulcan, and

12

that it did not do so, the amount owed remained unliquidated. Vulcan's claims for attorney's fees and prejudgment interest were also unliquidated. Vulcan's affidavits are insufficient to support the awards for damages, attorney's fees and interest.

## A. The actual damages awarded by the trial court are not supported by legally or factually sufficient evidence.

Vulcan sued for breach of contract and, in the alternative, a sworn account. The only contract attached to its pleadings is a commercial credit application which does not reflect the sale of any goods, their price, or quantity or when they were sold. C.R. 7. It simply sets forth terms of Rhino purchases on credit from Vulcan but does not reflect any actual purchases. So it does not prove any damages.

In the alternative, Vulcan sued on a sworn account. To establish a prima facie case in a suit on a sworn account, Vulcan must have strictly adhered to Rule 185, which governs suits on sworn accounts. *See* TEX. R. CIV. P. 185; *Powers v. Adams*, 2 S.W.3d 496, 498 (Tex. App.–Houston [14th Dist.] 1999, no pet.); *Andrews v. East Tex. Medical Ctr.–Athens*, 885 S.W.2d 264, 267 (Tex. App.–Tyler 1994, no writ). Under this rule, a plaintiff's petition on a sworn account must contain "a systematic, itemized statement of the goods or services sold, . . . reveal offsets made to the account, and [ ] be supported by an affidavit stating the claim is within the affiant's knowledge, and that it is 'just and true.'" *Andrews*, 885 S.W.2d

13

at 267; *Mega Builders, Inc. v. Am. Door Prods. Inc.*, No. 01–12–00196–CV, 2013 Tex. App. LEXIS 2831 *19 (Tex. App.–Houston [1st Dist.] 2013, no pet.)(testimony that account was "just and true" did not constitute prima facie evidence of debt in absence of itemized record); *Dibco Underground, Inc. v. JCF Bridge & Concrete Inc.*, No. 03–09–00255–CV, 2010 Tex. App. LEXIS 2531, *16 (Tex. App.–Austin 2010, no pet.)(affidavit that did not include systematic record was insufficient under Rule 185); *Panditi v. Apostle*, 180 S.W.3d 924, 926 (Tex. App.–Dallas 2006, no pet.)(stating requirements for sworn account petition and accompanying affidavit, including requirement that account "show with reasonable certainty the name, date, and charge for each item, and provide specifics or details as to how the figures were arrived at"); *Nguyen v. Short, How, Frels & Heitz, P.C.*, 108 S.W.3d 558, 562 (Tex. App.–Dallas 2003, pet. denied)(same). The systematic record of labor or materials furnished must clearly identify "the amount or nature of the labor done or of the materials furnished, the date that such labor was performed or materials furnished, the charge for the labor, and the charge for materials." *Jones v. Ben Maines Air Conditioning, Inc.*, 621 S.W.2d 437, 438 (Tex. Civ. App.–Texarkana 1979, no writ); *see also Brown Electric. Contractors, Inc. v. Kelly*, 595 S.W.2d 610, 611 (Tex. Civ. App.–Austin 1980, no writ). "The account must show with reasonable certainty the name, date, and charge for each item, and provide specifics or details as to how the figures were arrived at." *Panditi*, 180

14

S.W.3d at 926. "General statements . . . without description of specific items are insufficient to comply with Rule 185." *Jones v. Ben Maines Air Conditioning, Inc.*, 621 S.W.2d 437, 439 (Tex. Civ. App.–Texarkana 1981, no writ). If there is a deficiency in the plaintiff's sworn account, the account will not constitute prima facie evidence of the debt. *Enernational Corp. v. Exploitation Eng'rs, Inc.*, 705 S.W.2d 749, 750 (Tex. App.–Houston [1st Dist.] 1986, writ ref'd n.r.e.).

Vulcan's evidence did not comply with the requirements of Rule 185 because, although Vulcan's credit manager verified that the "attached account" was within his knowledge and was "just and true," no account was attached. Vulcan did not include any systematic or itemized record of the parties' transactions. Thus, Vulcan's affidavit did not constitute prima facie evidence of Rhino's debt. *See Panditi*, 180 S.W.3d at 927. ("If there is a deficiency in the plaintiff's sworn account, the account will not constitute prima facie evidence of the debt."); *see also Enernational Corp.*, 705 S.W.2d at 750.

An account insufficient on its face as a verified account under Rule 185 will not support a default judgment. *Griswold v. Carlson*, 249 S.W.2d 58, 60 (Tex. 1952); *Williamsburg Nursing Home, Inc. v. Paramedics, Inc.*, 460 S.W.3d 168, 169 (Tex. App.–Houston [1st Dist.] 1970, no writ); *Gause v. Roden*, 66 S.W.2d 400, 401 (Tex. App.–Amarillo 1933, no writ).

1785604.1/SPSA/36984/0101/040215

Because there was no itemized account attached to the affidavit, Vulcan's evidence was inadequate to support the judgment for $454,846.76. The judgment must be reversed and remanded for a trial on damages.

**B.      The award of prejudgment interest is not supported by legally or factually sufficient evidence.**

Vulcan requested interest at 18% per annum. C.R. 2. However, the credit agreement attached to the petition did not specify an interest rate, but only a monthly late charge "equal to the lesser of one percent (1%) per month or the maximum amount permitted by State Law on outstanding balances on Applicant's account that are unpaid after thirty (30) days from the billing date." C.R. 7.

The default judgment awarded prejudgment interest in the amount of $12,561.36. There is no evidence in the record from which the trial court could calculate prejudgment interest. There is no evidence of what rate was used, on what outstanding balance, from what billing date.

The applicable post–judgment interest rate on the date the default judgment was signed was 5% per annum, and the prejudgment rate is computed at the same statutory rate. *See Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998); *Tips v. Heartland Dev., Inc.*, 961 S.W.2d 618, 624 (Tex. App.–San Antonio 1998, no pet.); *Red Hot Enter., LLC v. Yellow Book Sales & Distrib. Co.*, No. 04–11–00686–CV, 2012 Tex. App. LEXIS 5967 (Tex. App.–San Antonio 2012, no pet.). But because no invoices are attached, there is no

16

way to tell what amounts should bear interest and from which dates. Accordingly, the interest award must be reversed and remanded for trial.

**C.     The award of attorney's fees is not supported by legally or factually sufficient evidence.**

Vulcan sought to recover attorney's fees under Tex. Civ. Prac. & Rem. Code §38.001(7) and (8) and pursuant to the contract. In support of its claim, its attorney submitted an affidavit stating "usual and customary fees in this cause are $60,484.68." C.R. 15. He testified he was an attorney licensed to practice law in Texas and familiar with attorney's fees customarily charged in Bexar and adjacent Texas counties. *Id.*

The affidavit is not legally sufficient to support the trial court's judgment.  It provides no information from which the trial court could compute attorney's fees. It contains no information about the *Arthur Andersen* factors. *Arthur Andersen & Co. v. Perry Equip Corp.*, 945 S.W.2d 812, 818–19 (Tex. 1997). The affidavit supplies no detail about what services were rendered, by whom, the hours expended, the attorney's usual billing rate, the amount and time involved, the novelty and difficulty of the questions involved, the skill required to perform the legal service properly, preclusion of other employment, time limitations, nature and length of professional relationship, experience, reputation or ability of the attorney performing the services, whether the fee was fixed or contingent, or any other information about whether the services were necessary and the fee was

17

reasonable. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012)("[P]roof should include . . . (1) the nature of the work, (2) who performed the service and their rate, (3) approximately when the services were performed, and (4) the number of hours worked."); *Woollett v. Matyastik*, 23 S.W.3d 48, 52–53 (Tex. App.–Austin 2000, pet. denied)(evidence of fees insufficient: failed to detail work completed, state attorney's hourly fees or hours expended); *cf. Central Tex. Micrographics v. Leal*, 98 S.W.2d 292, 299 (Tex. App.–San Antonio 1995, no writ)(attorney's fees evidence should include hourly rate and hours expended). Accordingly, the award of attorney's fees was erroneous and the judgment must be reversed and remanded for further proceedings to calculate proper attorney's fees.

**Conclusion**

Because Rhino received no notice of suit before the default judgment was entered, and because it established the *Craddock* factors, the trial court erred in overruling Rhino's motion for new trial. Accordingly, the judgment should be reversed and remanded for trial. In the alternative, because there is no legally sufficient evidence to support the damages, interest and attorney's fees awarded by the trial court, the judgment should be reversed and remanded for trial on those awards.

1785604.1/SPSA/36984/0101/040215

Respectfully submitted,

*/s/ Judith R. Blakeway*
EDWARD F. VALDESPINO
State Bar No. 20424700
edward.valdespino@strasburger.com
Judith R. Blakeway
State Bar No. 02434400
Judith.Blakeway@strasburger.com
STRASBURGER & PRICE, LLP
2301 Broadway
San Antonio, Texas 78215
Telephone: (210) 250-6000
Facsimile: (210) 250-6100

**ATTORNEYS FOR APPELLANT
RHINO CONTRACTORS, LLC**

## CERTIFICATE OF COMPLIANCE

In accordance with Tex. R. App. P. 9.4(i)(1), I hereby certify that this Brief of Appellant contains no more than 3,928 words.

*/s/ Judith R. Blakeway*
JUDITH R. BLAKEWAY

19

1785604.1/SPSA/36984/0101/040215

**CERTIFICATE OF SERVICE**

Pursuant to E-Filing Standing Order, I certify that on April 2, 2015, I electronically filed the foregoing with the Clerk of Court using the EFile.TXCourts.gov electronic filing system which will send notification of such filing to the following:

Robert W. Wachsmuth
bob@rwwattorneys.com
Zachary J. Fanucchi
zach@rwwattorneys.com
Robert Wachsmuth & Associates, PC
9311 San Pedro Ave., Suite 707
San Antonio, Texas 78216
Telephone:  (210) 342–2707
Facsimile:   (210) 342–2701

*Attorneys for Appellee Vulcan Construction Materials, LP*

*/s/ Judith R. Blakeway*
JUDITH R. BLAKEWAY

20

NO. 04–15–00117–CV

IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS
AT SAN ANTONIO

---

RHINO CONTRACTORS, LLC,

APPELLANT,

V.

VULCAN CONSTRUCTION MATERIALS, LP,

APPELLEE.

---

On Appeal from the 288th District Court
Bexar County, Texas

---

**APPENDIX**

---

1.    Default Judgment

2.    Original Petition

3.    Motion for Entry of Default Judgment

4.    First Amended Motion to Set Aside Default Judgment

1785604.1/SPSA/36984/0101/040215



APPENDIX 1



2014CI15870 -0288

CAUSE NO. 2014-CI-15870

| | | |
|---|---|---|
| VULCAN CONSTRUCTION MATERIALS, LP, Plaintiff | § § § § | IN THE DISTRICT COURT |
| v. | § § | 288TH JUDICIAL DISTRICT |
| RHINO CONTRACTORS, LLC Defendant | § § § | BEXAR COUNTY, TEXAS |

## DEFAULT JUDGMENT

On the **9th** day of December, 2014, came to be heard the above numbered and styled cause wherein VULCAN CONSTRUCTION MATERIALS, LP is the Plaintiff, and RHINO CONTRACTORS, LLC is the Defendant. Plaintiff appeared through its attorney of record. Defendant, although duly cited to appear and answer herein, has failed to file an answer within the time allowed by law.

The Court has considered the pleadings and records on file in this cause and the evidence and is of the opinion that judgment should be rendered for Plaintiff.

It is accordingly ADJUDGED that VULCAN CONSTRUCTION MATERIALS, LP, Plaintiff, recover from RHINO CONTRACTORS, LLC, Defendant, judgment for:

1. Unpaid principal in the amount of $454,846.76;

2. Prejudgment interest in the amount of $12,561.36;

3. Postjudgment interest at a rate of 5% on the total amount of the judgment, from the date of judgment until paid;

4. $60,484.68 as attorney's fees; and

5. Court costs in the amount of $429.10.

It is ORDERED that Plaintiff shall have all writs of execution and other process necessary to enforce this judgment.

All relief not expressly granted herein is denied.

SIGNED on _____ DEC - 9 2014 _____.

_____
JUDGE PRESIDING

16

APPROVED AS TO FORM:

Robert Wachsmuth & Associates, PC
9311 San Pedro Ave., Suite 707
San Antonio, Texas 78216
210-342-2707
210-342-2701 (fax)

Robert W. Wachsmuth
State Bar No. 20626000
bob@rwwattorneys.com
Zachary J. Fanucchi
State Bar No. 24028548
zach@rwwattorneys.com

ATTORNEY FOR PLAINTIFF



APPENDIX 2

FILED
10/6/2014 11:39:40 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Marc Garcia

CIT PPS - SAC2

CAUSE NO. **2014CI15870**

| | | |
|---|---|---|
| VULCAN CONSTRUCTION MATERIALS, LP, Plaintiff | § § § § | IN THE DISTRICT COURT |
| v. | § § § | **288TH** JUDICIAL DISTRICT |
| RHINO CONTRACTORS, LLC Defendant | § § | BEXAR COUNTY, TEXAS |

## ORIGINAL PETITION

NOW COMES VULCAN CONSTRUCTION MATERIALS, LP ("VULCAN" or "Plaintiff"), Plaintiff, and files suit against RHINO CONTRACTORS, LLC ("RHINO" or "Defendant"), and shows the Court as follows:

### 1. Discovery Level

1.1    Discovery in this case is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### 2. Parties

2.1    This suit is brought by VULCAN, a limited partnership authorized to conduct business in the State of Texas.

2.2    Defendant, RHINO is a Texas Corporation who may be served by serving its registered agent, Nancy Russell at its registered address of 26163 Altas Palmas, Harlingen, Texas 78552.

### 3. Venue

3.1    Venue is proper in Bexar County, Texas pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code, in that Bexar County is the county in which all or a

1

substantial part of the events or omissions giving rise to the claim occurred.

## 4. Jurisdiction

4.1     Damages sought in this matter are within the jurisdictional limits of this Court. Plaintiff seeks monetary relief of more than $200,000.00 but less than $1,000,000.00. Tex. R. Civ. P. 47. Plaintiff demands judgment for all other relief to which it is justly entitled. *Id.*

## 5. Facts

5.1     In or about August 2013, September 2013, November 2013, January 2014, February 2014, and March 2014, VULCAN provided materials to RHINO for use in RHINO's construction business.

5.2     RHINO agreed to pay VULCAN the sums due and owing.

5.3     Despite the fact that VULCAN provided goods to RHINO, it has failed and refused to pay the amounts due and owing to VULCAN, despite proper demands by VULCAN for the payment of same. VULCAN is owed a total of $454,846.76, exclusive of interest, which accrues at the rate of 18% per annum.

## 6. COUNT 1-Breach of Contract

6.1     VULCAN and RHINO had a valid, enforceable Contract. *See* Exhibit "B." RHINO agreed to pay for the goods provided it by VULCAN. Furthermore, VULCAN has standing in that it is a party to the Contract. RHINO breached the contract by refusing to pay the amount owed to VULCAN. VULCAN has been injured due to the loss inflicted upon it. The breach of contract was a material breach that goes to the essence of the Contract. These foregoing facts were the proximate cause of VULCAN's injuries. The amount of damages sustained by VULCAN is $454,846.76. Interest accrues daily at the rate of 18% per annum.

## 7. COUNT 2-Suit on a Sworn Account

7.1    In the alternative to count 1, VULCAN provided RHINO goods on an open account. RHINO accepted the goods and became bound to pay VULCAN its designated charges, which were according to the terms of the parties' agreement. The amounts charged for said goods are reasonable and customary.

7.2    VULCAN attaches a record of the account and the required affidavit as Exhibit "A" to this petition, and incorporates it by reference. The account accurately sets forth that goods were provided by VULCAN to RHINO, the dates of delivery and the costs of the goods sold. The account represents a record of the transactions that is similar to records VULCAN systematically keeps in the ordinary course of its business.

7.3    The date and amount of RHINO's payment is fully accounted for and credited to the account. The claim is just and true, is due, and all just and lawful offsets, payments and credits have been allowed. The principle amount due and owing is $454,846.76.

## 8. Attorney Fees

8.1    Pursuant to Texas Civil Practice & Remedies Code § 38.001(7) & (8), VULCAN is entitled to recover attorney fees. VULCAN is also entitled to recover attorney fees pursuant to the Agreement. *See* Exhibit "B."

## 9. Conditions Precedent

9.1    All conditions precedent to VULCAN's claims have been performed or have occurred.

## 10. Request for Disclosure

10.1    Pursuant to Texas Rule of Civil Procedure 194, VULCAN requests that Defendant

3

RHINO disclose, within 50 days of the service of this request, the information of material described in T.R.C.P. 194.2.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court award VULCAN CONSTRUCTION MATERIALS, LP, a judgment against RHINO CONTRACTORS, LLC for actual damages, as well as attorney fees and costs of court, interest (both pre-judgment and post-judgment), and any other relief, in law or equity, to which it is entitled.

RESPECTFULLY SUBMITTED,

Robert Wachsmuth & Associates, PC
9311 San Pedro Ave., Suite 707
San Antonio, Texas 78216
210-342-2707
210-342-2701 (fax)

_____
Robert W. Wachsmuth
State Bar No. 20626000
bob@rwwattorneys.com
Zachary J. Fanucchi
State Bar No. 24028548
zach@rwwattorneys.com

ATTORNEY FOR PLAINTIFF

4

## AFFIDAVIT

STATE OF TEXAS      §
                            §

COUNTY OF BEXAR    §

     BEFORE ME, the undersigned Notary Public in and for said County and State, on this day personally appeared Lee McCarty, known to me, and, after being duly sworn, stated on oath that the outstanding principal balance of the attached account of VULCAN CONSTRUCTION MATERIALS, LP is the sum of $454,846.76, is within the knowledge of affiant, just and true, that it is due and unpaid, and that all just and lawful offsets, payments and credits have been allowed.

Lee McCarty
Corporate Credit Manager
Vulcan Construction Materials, LP

     SWORN AND SUBSCRIBED TO BEFORE ME on this the ____1____ day of ____October____, 2014.

Notary Public, State of Texas



ADELA WHITE
Notary Public, State of Texas
My Commission Expires
October 20, 2018



**EXHIBIT**

A



**South Region** - Commercial Credit Application
Fax: 1-904-279-8527 or
Email: VMC-Credit-App-South@vmcmail.com

Business Name  Rhino Contractors, LLC

Street Address  26163 Altas Palmas

Mailing Address, if different

City  Harlingen          State  TX    Zip  78552

Telephone No.  956.364.1737    Fax No.  956.412.6240

Contact Email  admin@rhino-rgv.com

FOR INTERNAL USE ONLY
Sales Representative or Plant:
Date Received
Date Completed
Approved:              By
Denied:               By
Date:      /    /

Check one: Corporation/LLC  X  Partnership ___ Sole Proprietor ___ FEIN or SS#

Date Established  8.2003      If Corporation, Date and State  Incorporated Texas 2003

Contractor's License#  760741296        Are you taxable? No
(If non-taxable, a tax exempt certificate must be attached)

What products do you intend to buy from Vulcan?  Type A-1 Base

In what city/state(s) do you primarily intend to buy our products?  Brownsville Texas

Do you require Purchase Order numbers on your invoices / tickets?  Yes

If you would you like invoices sent by Email, please provide address:  nancy@rhino-rgv.com ; admin@rhino-rgv.com

Would you like to receive monthly statements?  Yes  If you would like statements via Email, please provide Email address:  nancy@rhino-rgv.com ; admin@rhino-rgv.com

Name and Address of Principal Owners, Owners or Partners:

Name  Nancy W. Russell                    Title  President/CEO

Address:  26163 Altas Palmas Harlingen Tx 78552

Name                                      Title

Address:

If you have ever had an account with Vulcan Materials or its affiliated companies before, please advise when and where:

Please furnish at least three (3) TRADE REFERENCES with phone and fax number:

Name  Martinez Drywall & Painting, Inc    Phone No.  956.425.5332
Fax No  956.425.9035    Email Address

Name  Wright Express                      Phone No.  1.800.492.0669
Fax No.  1.800.395.0809    Email Address

Name  Commerce Bank                       Phone No.  1.800.892.7104
Fax No.              Email Address

Please furnish one bank reference with phone number and fax number:

Bank  Frost Bank (Debe Wright)            Account #  800333751
Phone No.  956.430.6523    Fax No.  956.430.6531


EXHIBIT
B

Application for Business Credit          Applicant's Name  Rhino Contractors, LLC

## TERMS AND CONDITIONS OF BUSINESS CREDIT

This Application, including all of the information contained herein, is a request for one or more extensions of business credit to defer payment for purchase of construction materials by Applicant from Vulcan Construction Materials, LP and/or its affiliates (individually and collectively, "Vulcan"). By submitting this Application to Vulcan, Applicant hereby agrees to these Terms and Conditions.

Applicant hereby agrees to pay Vulcan for each purchase made hereunder, as follows: Net 15th prox. (15th calendar day of the month following the month during which shipment is made.) Applicant agrees to pay Vulcan a monthly late charge equal to the lesser of one percent (1%) per month or the maximum amount permitted by State Law on all outstanding balances on Applicant's account that are unpaid after thirty (30) days from the billing date. Terms of each individual sale are set forth on each invoice and Applicant agrees to the terms of each invoice.

Applicant and Guarantor authorize Vulcan from time to time to obtain one or more credit reports from any reporting agency and to obtain information regarding Applicant and Guarantor from any creditor of Applicant and Guarantor, including, but not limited to, each of the credit references listed on page 1. Applicant and Guarantor further authorize each of the creditors to give to Vulcan from time to time any and all necessary information that will aid Vulcan in its credit investigation. Applicant and Guarantor further authorize Vulcan to reinvestigate credit status from time to time as Vulcan deems necessary. Vulcan reserves the right to limit, terminate, or change the terms of any extension of credit to Applicant at its sole discretion. Applicant authorizes Vulcan to act as a credit reference for Applicant by responding to inquiries from other creditors or potential creditors of Applicant regarding transactions or experiences with Applicant.

Each of the undersigned does hereby certify that he/she is authorized to sign this Application on behalf of Applicant; that the information contained herein is true, accurate, and complete in all respects; and that all purchases made by Applicant will be made in the ordinary course of business of Applicant for business purposes and that no credit is sought or will be obtained for the personal, family, or household purposes of any individual. Applicant will advise Vulcan in writing at P.O. Box 791550, San Antonio, Texas 78279-1550 of any changes which occur in respect to any of the information included in this Application (including, but not limited to, any of the information provided on page 1) or any other information which may affect ability to pay, and until such time, Vulcan may continue to rely on this information. Any changes in legal status or the information provided on page 1 must be communicated to Vulcan at least ten (10) business days in advance by certified mail. The original Applicant will remain liable until such time as Vulcan has been given a reasonable period of time to respond to any notice regarding changes in legal status and has agreed to such change. Applicant further agrees that these Terms and Conditions are governed by the laws of the State of Texas and that if any provision hereof is held invalid, illegal or unenforceable, then no other provision shall be affected or impaired thereby.

Applicant shall pay all costs of collection, including, but not limited to, costs and attorney fees, should all or any part of this account be placed for collection. Applicant further waives the right to a jury trial in the event Vulcan is required to institute suit for collection of any sums due hereunder. Applicant agrees that any and all claims arising out of or relating to any sale or extension of credit by Vulcan, including, but not limited to, any action by Vulcan to collect on account, may be filed in Bexar County, Texas and Applicant specifically consents to the exercise of non-exclusive personal jurisdiction over Applicant and to extraterritorial service of process, if necessary.

Vulcan uses video to verify acquisition and quantity of product purchased from Vulcan. At the time a vehicle enters Vulcan's scale, a picture will be taken of the vehicle and license plate with the time and date stamped on the picture. This is Vulcan's proof of receipt and delivery. The driver will receive a bill of lading (vehicle ticket) that states the quantity of product and location of delivery. No signature on the ticket will be required. By acquiring product from Vulcan, Applicant agrees that the audit ticket and photo correctly represents the location of delivery and the product purchased, unless Applicant notifies Vulcan, in writing, within seven (7) days of receipt of the product that Applicant disputes the quantity of product or location of delivery ash shown on the bill of lading (vehicle ticket). Applicant agrees that any claims concerning quality control, or compliance with product specifications, shall be waived unless written notice of such claim shall be delivered to Vulcan, by certified mail at the address on its invoice, within seven (7) days of receipt of such products by Applicant.

Vulcan may at any time, assign its right for payment hereunder.

| | | |
|---|---|---|
| Nancy W. Russell | *[signature]* | President/CEo |
| Print Name of Person Signing | Authorized Signature | Title |
| | | |
| Print Name of Person Signing | Authorized Signature | Title |

## PERSONAL GUARANTY OF BUSINESS CREDIT

For value received, each of the undersigned hereby personally and individually guarantees payment when due of all indebtedness now due or which may become due by Applicant to Vulcan Construction Materials, LP or any of its affiliates (individually and collectively, "Vulcan") even though from time to time there may be no indebtedness owing by Applicant. This personal guaranty is unlimited in amount and shall apply to all balances arising from sales to Applicant. Each of the undersigned waives all notices with respect to this guaranty and waives acceptance of this guaranty by Vulcan. Each of the undersigned hereby subordinates any indebtedness owed to the undersigned by Applicant and any right of subrogation or contribution against Applicant or any other guarantor until all indebtedness has been paid and satisfied in full. Each of the undersigned agrees to pay all costs of collection, including, but not limited to, attorneys fees should the account be placed for collections.

| Date Signed | Print Name of Person Signing | Signature of Individual Guarantor | Social Security # |
|---|---|---|---|
| | | | |
| Date Signed | Print Name of Person Signing | Signature of Individual Guarantor | Social Security # |

(A facsimile version of this application will be considered as the original)

Page 2 of 2 - Application is not complete without all pages and applicant signature.



Cause Number: _____

District Court : _____

# Donna Kay M<sup>c</sup>Kinney
# Bexar County District Clerk

## Request for Process

**Style:** VULCAN CONSTRUCTION MATERIALS, LP **Vs.** RHINO CONTRACTORS, LLC

**Request the following process:** (Please check all that Apply)

☑ **Citation** ☐ **Notice** ☐ **Temporary Restraining Order** ☐ **Notice of Temporary Protective Order**
☐ **Temporary Protective Order** ☐ **Precept with hearing** ☐ **Precept with*out* a hearing** ☐ **Writ of Attachment**
☐ **Writ of Habeas Corpus** ☐ **Writ of Garnishment** ☐ **Writ of Sequestration** ☐ **Capias** ☐ **Other:** _____

1.
**Name:** RHINO CONSTRUCTION, LLC _____
**Registered Agent/By Serving:** Nancy Russell _____
**Address** 26123 Atlas Palmas, Harlingen, Texas 78552 _____
**Service Type:** (Check One) ☑ *Private Process* ☐ *Sheriff* ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

2.
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

3.
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

4.
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

**Title of Document/Pleading to be Attached to Process:** _____

**Name of Attorney/Pro se:** ZACHARY FANUCCHI **Bar Number:** 24028548 _____
**Address:** 9311 SAN PEDRO, STE. 707, SATX 78216 **Phone Number:** 210-342-2707 _____

**Attorney for Plaintiff** xxx ___ **Defendant** _____ **Other** _____

*****IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, SERVICE WILL BE DESTROYED*****

APPENDIX 3

FILED
12/1/2014 3:52:30 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Eddie Pichardo

CAUSE NO. 2014-CI-15870

| | | |
|---|---|---|
| VULCAN CONSTRUCTION MATERIALS, LP, Plaintiff | § § § § | IN THE DISTRICT COURT |
| v. | § § | 288TH JUDICIAL DISTRICT |
| RHINO CONTRACTORS, LLC Defendant | § § § | BEXAR COUNTY, TEXAS |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Movant Vulcan Construction Materials, LP, ("Plaintiff") who moves the Court to enter a default judgment against Rhino Contractors, LLC ("Defendant") pursuant to rule 239 of the Texas Rules of Civil Procedure.

### I.

### GROUNDS

Plaintiff is entitled to be granted a default judgment against Defendant and as grounds would show the Court the following:

a. Defendant continues to be indebted to Plaintiff as specifically pleaded in Plaintiff's Original Petition on file in this case.

b. Defendant has been duly served with citation in this cause, and the citation with the officer's return thereon has been on file with the clerk of this Court for ten days, exclusive of the day of filing and the day of judgment.

c. Defendant has neither answered nor appeared within the time allowed by law and has wholly defaulted.

### II.

### ATTACHMENTS

Plaintiff has attached the following documents to this motion:

a. Plaintiff's Certificate of Last Known Mailing Address.

b. Plaintiff's Attorney Fee Affidavit.

12

IV.

PRAYER

Plaintiff prays that the Court enter a default judgment in Plaintiff's favor against RHINO CONTRACTORS, LLC, for the relief prayed for in Plaintiff's original petition and for all further relief to which Plaintiff may be entitled.

RESPECTFULLY SUBMITTED,

Robert Wachsmuth & Associates, PC
9311 San Pedro Ave., Suite 707
San Antonio, Texas 78216
210-342-2707
210-342-2701 (fax)

Robert W. Wachsmuth
State Bar No. 20626000
bob@rwwattorneys.com
Zachary J. Fanucchi
State Bar No. 24028548
zach@rwwattorneys.com

ATTORNEY FOR PLAINTIFF

CAUSE NO. 2014-CI-15870

| VULCAN CONSTRUCTION | § | IN THE DISTRICT COURT |
| MATERIALS, LP, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | 288TH JUDICIAL DISTRICT |
| | § | |
| RHINO CONTRACTORS, LLC | § | |
| Defendant | § | BEXAR COUNTY, TEXAS |

## CERTIFICATE OF LAST KNOWN ADDRESS

TO THE HONORABLE JUDGE:

Plaintiff, Vulcan Construction Materials, LP, certifies that the last known mailing address

of Defendant, RHINO CONTRACTORS, LLC is:

RHINO CONTRACTORS, LLC
Registered Agent: Nancy Russell
26123 Altas Palmas
Harlingen, Texas 78552

RESPECTFULLY SUBMITTED,

Robert Wachsmuth & Associates, PC
9311 San Pedro Ave., Suite 707
San Antonio, Texas 78216
210-342-2707
210-342-2701 (fax)

Robert W. Wachsmuth
State Bar No. 20626000
bob@rwwattorneys.com
Zachary J. Fanucchi
State Bar No. 24028548
zach@rwwattorneys.com

ATTORNEY FOR PLAINTIFF

CAUSE NO. 2014-CI-15870

| VULCAN CONSTRUCTION | § | IN THE DISTRICT COURT |
| MATERIALS, LP, | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| v. | § | 288TH JUDICIAL DISTRICT |
| | § | |
| RHINO CONTRACTORS, LLC | § | |
| Defendant | § | BEXAR COUNTY, TEXAS |

## ATTORNEY FEE AFFIDAVIT

| STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

The undersigned Affiant appeared before me, was sworn, and stated:

"I am the Plaintiff's counsel in this cause, licensed to practice law in Texas and familiar with attorneys' fees customarily charged in Bexar and adjacent Texas counties. Pursuant to §38.003 and §38.004 of the Civil Practice and Remedies Code, usual and customary fees in this cause are $60,484.68 with additional fees of $20,000.00 in event of appeal and with additional fees of $40,000.00 in event of appeal from the court of appeals to the Supreme Court of Texas.

To date, the Plaintiff incurred attorney fees in the amount of $60,484.68 in prosecution of this matter against Defendant. In addition to the $60,484.68 in attorney fees, Plaintiff incurred $429.10 in court costs and service fees.

Demand for payment was made upon Defendant more than thirty days prior to filing suit and the just amount owed was not paid or tendered. Affiant has personal knowledge of the matters stated herein."

ROBERT W. WACHSMUTH

Subscribed to and sworn before me on this 1st day of December, 2014, which witness my hand and seal.

NOTARY PUBLIC in and for the State of Texas

ROBYN PRIEST
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
11-05-2015

APPENDIX 4

FILED
1/30/2015 9:15:09 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Maria Abilez

CAUSE NO. 2014-CI-15870

| | | |
|---|---|---|
| VULCAN CONSTRUCTION MATERIALS, LP, <br> Plaintiff, | § <br> § <br> § <br> § | IN THE DISTRICT COURT |
| VS. | § <br> § | 288TH JUDICIAL DISTRICT |
| RHINO CONTRACTORS, LLC <br> Defendant. | § <br> § <br> § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S FIRST AMENDED MOTION TO SET ASIDE DEFAULT JUDGMENT AND FOR NEW TRIAL AND BRIEF IN SUPPORT THEREOF

Defendant Rhino Contractors, LLC ("Rhino") respectfully moves this honorable Court to set aside the default judgment in this matter for a new trial, stating as follows:

### Legal Ground for New Trial

Defendant was not properly served with citation. Although Plaintiff's motion for substituted service alleges that the citation was placed on Defendant's door, the citation was never received by Defendant. Consequently, Defendant did not receive notice of the lawsuit in order to timely file an answer.

### Equitable Grounds for New Trial

Rhino's failure to timely file an answer in this matter was not intentional or the result of conscious indifference, but instead was the product of accident, mistake, or inadvertence.

Rhino has meritorious defenses to Plaintiff's claims. Specifically, (1) there is a dispute as to the invoices underlying the alleged debt owed to Plaintiff; (2) there is evidence from which a jury could find that Rhino did not breach any contract, because the amounts alleged were in dispute; and (3) Based upon the evidence, Plaintiff failed to allow all just and lawful offsets, credits and payments to the account of Defendant as required by Tex. R. Civ. P. 185.

1734255.2 SPSA/36984.0101 012915

55

A new trial in this matter will neither occasion delay nor prejudice Plaintiff. Rhino is ready, willing, and able to go to trial promptly, and will reimburse Plaintiff for its costs in taking the default judgment.

## Evidence

In support of this Amended Motion to Set Aside Default Judgment and For New Trial, Defendant files attached Exhibits A and B and incorporates them herein for all purposes.

## Brief

I. **A NEW TRIAL MUST BE GRANTED BECAUSE THE DEFENDANT WAS NOT PROPERLY SERVED WITH CITATION.**

Whenever a motion for new trial seeks to reverse a no-answer default judgment the question before the court is "[w]hy did the defendant not appear?" *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573–74 (Tex. 2006). The Texas Supreme Court has made clear that if the answer is "[b]ecause I didn't get the suit papers," the default judgment "generally must be set aside." *Id.*

"For well over a century the rule has been firmly established in this state that a default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance with applicable requirements." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *accord, e.g., Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985). In such a case, there are no presumptions in favor of valid issuance, service, and return of citation. *E.g., Wilson*, 800 S.W.2d at 836; *Uvalde*, 690 S.W.2d at 885. Instead, all such matters must affirmatively appear of record. *E.g., Primate Construction, Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994).

2

"[T]he slightest defect in a citation may be fatal, for Texas courts traditionally have been quick to find errors in a citation sufficient to set aside a default judgment." Michael A. Pohl & Stephen R. Kirklin, *Judgments by Default – A Survey of Texas Law*, 31 Sw. L.J. 465, 471 (1977).

In this case, Rhino never received notice of the lawsuit until after the default judgment was rendered, thereby depriving Defendant the opportunity to defend the lawsuit. The failure to properly serve citation deprived Defendant of due process rights.

## A NEW TRIAL SHOULD BE GRANTED UNDER THE *CRADDOCK* DOCTRINE.

The standard for evaluating an equitable motion for new trial following a default judgment is a familiar one:

> [A] default judgment should be set aside and a new trial granted when the defaulting party establishes that (1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no delay or otherwise injure the plaintiff.

*Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009); *Director, State Employees Workers' Compensation Division v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994) (quoting *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (1939)).[1]

"A [*Craddock*] motion for new trial is addressed to the trial court's discretion and the court's ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion." *Evans*, 889 S.W.2d at 268. "That discretion, however, is 'not an unbridled discretion [for trial courts] to decide cases as they might.'" *Old Republic Insurance Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994) (quoting *Craddock*, 133 S.W.2d at 126). "[A] trial court

---

[1] *Accord, e.g., Old Republic Insurance Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994); *Estate of Pollack v. McMurray*, 858 S.W.2d 388, 390 (Tex. 1993); *Bank One Texas, N.A. v. Moody*, 830 S.W.2d 81, 82-83 (Tex. 1992).

3

abuses its discretion by not granting a new trial when all three elements of the *Craddock* test are met." *Evans*, 889 S.W.2d at 268.[2]

Cases holding that the *Craddock* requirements are to be applied liberally, to the end that cases are decided on their merits rather than by default, are legion. For a small sample, *see, e.g.,*

*In the Interest of A. P. P.*, 74 S.W.3d 570, 573 (Tex. App.—Corpus Christi 2002) ("Courts have applied the first *Craddock* prong liberally, and each case depends on its own facts."); *Rabie v. Sonitrol, Inc.*, 982 S.W.2d 194, 196-97 (Tex. App.—Houston [1st Dist.] 1998, no pet.); *Norton v. Martinez*, 935 S.W.2d 898, 901 (Tex. App.—San Antonio 1996, no writ); *Miller v. Miller*, 903 S.W.2d 45, 47 (Tex. App.—Tyler 1995, no writ); *McCarthy v. Jesperson*, 527 S.W.2d 825, 827 (Tex. Civ. App.—El Paso 1975, no writ).

### Rhino's Failure to Answer Was Not Intentional or the Result of Conscious Indifference.

Rhino did not receive notice of the lawsuit until after the default judgment, therefore, its failure to timely file an answer was not intentional or the result of conscious indifference.

"Failing to file an answer intentionally or due to conscious indifference means 'the defendant knew it was sued but did not care.'" *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (quoting *Fidelity*, 186 S.W.3d at 576). Negligence is *not* the correct standard. *E.g., Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex. 1966); *In re Adams*, 416 S.W.3d 556, 561 (Tex. App.—Tyler 2013, no pet.) ("Under *Craddock*, conscious indifference must amount to more than mere negligence to preclude the setting aside of a default judgment"); *Custom-Crete, Inc. v. K-Bar Servs.*, 82 S.W.3d 655, 660 (Tex. App.—San Antonio 2002, no pet.). "In fact, the defendant's

---

[2] *Accord, e.g., Old Republic Insurance Co. v. Scott*, 873 S.W.2d at 382; *Bank One Texas, N.A. v. Moody*, 830 S.W.2d at 85.

4

burden of demonstrating the accidental or mistaken nature of his failure to answer may often result in an admission of negligence." Michael A. Pohl & David Hittner, *Judgments by Default in Texas*, 37 Sw. L.J. 421, 443 (1983).

The Supreme Court has made clear that "some excuse, although not necessarily a good one," suffices to negate conscious indifference. *In re R.R.*, 209 S.W.3d at 115; *accord, Fidelity*, 186 S.W.3d at 576; *Craddock*, 133 S.W.2d at 125. Indeed, "[o]nly a slight excuse is required." *Europa*, 809 S.W.2d at 785; *accord, e.g., In re Marriage of Parker*, 20 S.W.3d 812, 819 (Tex. App.—Texarkana 2000, no pet.). Rhino's failure to answer was the result of the fact that it did not receive the citation, rather than conscious indifference on anyone's part to the requirement that an answer be filed.

### The Defendant Has Meritorious Defenses.

The defendant's burden in a *Craddock* motion is to allege a meritorious defense and provide *prima facie* proof of that defense; once that is done, the trial court may not try the defensive issues in deciding whether to set aside the default judgment, and should not consider counteraffidavits or conflicting testimony offered to refute the movant's factual allegations. *E.g., Estate of Pollack v. McMurray*, 858 S.W.2d 388, 392 (Tex. 1993); *Guaranty Bank v. Thompson*, 632 S.W.2d 338, 340 (Tex. 1982).

A meritorious defense is one that would produce a different result. *E.g., Norton v. Martinez*, 935 S.W.2d 898, 902 (Tex. App.—San Antonio 1996, no writ); *Burgess v. Burgess*, 834 S.W.2d 538, 539 (Tex. App.—Houston [1st Dist.] 1992, no writ; *Stein v. Meachum*, 748 S.W.2d 516, 518 (Tex. App.—Dallas 1988, no writ. This result need not, however, be a totally opposite result. *Jackson v. Mares*, 802 S.W.2d 48, 51 (Tex. App.—Corpus Christi 1990, writ denied; *Harlen v. Pfeffer*, 693 S.W.2d 543, 546 (Tex. App.—San Antonio 1985, no writ).

5

Here, Rhino asserts a meritorious defense to the judgment. Specifically, that it did not breach its contract with Vulcan because the amounts alleged to be owed are in dispute.

Hence Plaintiff is not entitled to recover against Rhino on any cause of action for breach of contract.[3] Alternatively, there exists a bona fide dispute as to any amounts allegedly owed to Vulcan. Based upon the evidence, Plaintiff failed to allow all just and lawful offsets, credits and payments to the account of Defendant as required by Tex. R. Civ. P. 185.

### The Granting of this Motion Will Not Cause Prejudice or Undue Delay to the Plaintiff.

The final *Craddock* requirement, that the motion for new trial be filed at a time when its granting will not delay or injure the plaintiff, is satisfied by the defendant's allegation to this effect coupled with an offer to reimburse the plaintiff for the reasonable costs incurred in taking the default judgment; the burden then shifts to the plaintiff to offer proof of prejudice. *E.g.*, *Dolgencorp*, 288 S.W.3d at 929; *Estate of Pollock v. McMurray*, 858 S.W.2d 388, 393 (Tex. 1993); *Angelo v. Champion Restaurant Equipment Co.*, 713 S.W.2d 76, 78 (Tex. 1986). There can be no such proof here.

### Prayer

Defendant Rhino Contractors, LLC, respectfully prays: (1) that the judgment against it in this matter be set aside; (2) that a new trial be granted as to all issues; and (3) for such other and further relief to which it may be entitled at law or in equity.

---

[3] The default judgment in this case is based at least in part on breach of contract, inasmuch as it awards attorneys' fees.

6

Respectfully submitted,

STRASBURGER & PRICE, LLP
2301 Broadway
San Antonio, Texas 78215
Telephone: (210) 250-6000
Facsimile: (210) 250-6100

By: _____

EDWARD F. VALDESPINO
State Bar No. 20424700

ATTORNEYS FOR DEFENDANT
RHINO CONSTRUCTION, LLC

## CERTIFICATE OF SERVICE

On the 29th day of January, 2015, a true and correct copy of the foregoing document has been served in accordance with the Texas Rules of Civil Procedure upon the following:

Robert Wachsmuth
Robert Wachsmuth & Associates, PC
9311 San Pedro Ave., Suite 707
San Antonio, Texas 78229-4252
*Attorney for Plaintiff*

_____

Edward F. Valdespino

7

| | | |
|---|---|---|
| VULCAN CONSTRUCTION MATERIALS, LP, Plaintiff | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | 288TH JUDICIAL DISTRICT |
| RHINO CONTRACTORS, LLC Defendant | §<br>§<br>§ | BEXAR COUNTY, TEXAS |

## AFFIDAVIT OF NANCY RUSSELL IN SUPPORT OF MOTION TO SET ASIDE DEFAULT JUDGMENT AND FOR NEW TRIAL

**STATE OF TEXAS** §
**CAMERON COUNTY** §

BEFORE ME, the undersigned authority, on this day personally appeared Nancy W. Russell, who being duly sworn, deposed as follows:

1.

"My name is Nancy W. Russell. I am the President of Rhino Contractors, LLC ("Rhino"), Defendant in this action. I am authorized to make this Affidavit. I am over eighteen years of age, of sound mind, and capable of making this Affidavit. I have never been convicted of a felony of moral turpitude. The matters stated herein are of my personal knowledge and are true and correct.

2.

Rhino's failure to answer the Original Petition filed by Plaintiff Vulcan Materials, LP ("Vulcan") in this matter was neither intentional nor due to conscious indifference. Instead, Rhino never received a copy of the Petition until it was obtained by my attorney after the Court had already entered default judgment against Rhino. On none of the occasions mentioned in the affidavit of the process server where he purportedly attempted to deliver the Petition to me personally was I present at my personal residence. Instead, I was at Rhino's business premises, which is located directly behind my personal residence and is where deliveries related to Rhino are customarily received. In fact, I maintain a sign near the entrance of my personal residence instructing persons attempting to make deliveries of any documents or packages directed to Rhino to the office behind the house. I believe the process server ignored these instructions in trying to serve me with the Petition.

3.

I likewise did not receive the Petition when it was posted to the front door of my personal residence. I also did not receive any of the business cards left by the process server. My personal residence is located in a very rural and open area and is subject to excessive winds. It is likely that the excessive wind displaced the Petition. Further, it is unlikely that the Petition could have been adequately secured to the front door. Regardless, I did not receive the Petition that was posted to the front door of my personal residence. As a result, because Rhino never received

**EXHIBIT** __A__

the Petition prior to the entry of default judgment, Rhino's failure to answer the Petition was neither intentional nor due to conscious indifference.

4.

Rhino has a meritorious defense to Vulcan's claim in this matter. Rhino has made known to Vulcan that there were numerous instances of multiple billing where Vulcan charged Rhino two or more times for the same items. In addition, Rhino has attempted to work with Vulcan since July 2013 to correct these billing errors. Specifically, on August 24, 2013, October 23, 2013, January 14, 2014, I requested that Vulcan send Rhino revised invoices to correct the billing errors, but the majority of the billing errors remained unchanged. In early May 2014, Vulcan even appointed a new account services individual to assist with the corrections to Rhino's bills. Despite Rhino being in continuing contact with Vulcan throughout May 2014, the errors on the bills remained. The amount sought by Vulcan and the amount of the default judgment is premised upon these billing errors and is substantially in excess of any outstanding balance to which Vulcan may ultimately be entitled."

STATE OF TEXAS §
§
COUNTY OF CRAWFORD §

BEFORE ME, the undersigned authority, on this day personally appeared Nancy W Russell , known to me, who being by me duly sworn upon oath deposes and states that xx is over the age of eighteen (18), that he/she is of sound mind, that he/she is fully competent to make this affidavit and acknowledgement, that he/she has personal knowledge of every statement contained herein, that the statements contained in the above instrument are true and correct, and that he/she executed the above instrument for the purposes and consideration therein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME, and given under my hand and seal of office this 26 day of January , 2015.

_Lilia Astito_
Notary Public in and for
Said County and State

My Commission Expires:

_____ 7.08.17

CAUSE NO. 2-14-CI-15870

| VULCAN CONSTRUCTION | § | IN THE DISTRICT COURT |
| MATERIALS, LP, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | 288TH JUDICIAL DISTRICT |
| | § | |
| RHINO CONTRACTORS, LLC | § | |
| Defendant | § | BEXAR COUNTY, TEXAS |

## AFFIDAVIT OF NANCY RUSSELL IN SUPPORT OF MOTION TO SET ASIDE DEFAULT JUDGMENT AND FOR NEW TRIAL

STATE OF TEXAS §
CAMERON COUNTY §

BEFORE ME, the undersigned authority, on this day personally appeared Nancy W. Russell, who being duly sworn, deposed as follows:

1.

"My name is Nancy W. Russell. I am the President of Rhino Contractors, LLC ("Rhino"), Defendant in this action. I am authorized to make this Affidavit. I am over eighteen years of age, of sound mind, and capable of making this Affidavit. I have never been convicted of a felony of moral turpitude. The matters stated herein are of my personal knowledge and are true and correct.

2.

As President of Rhino, I am also the custodian of records for the company. Attached to this affidavit, marked Rhino 0001-0029, are records kept by me in the regular course of business, and it was the regular course of business of Rhino for a representative of Rhino, with knowledge of the services provided and the payments made for the services provided, to make a record or transmit information to be included in the record. The records were made in the regular course of business at or near the time or reasonably soon after the time the service was provided and the payments were made. The records are the original or duplicates of the original.

3.

Rhino 0001 is a listing of the outstanding balance, to date, of all transactions with vendor, Vulcan Materials. Rhino 0002 is a listing of all payments made to vendor Vulcan Materials. Rhino 0003-0029 are internal notes and emails regarding the disagreement with Vulcan over the improper crediting of Rhino's accounts with Vulcan. These records demonstrate that there was, and still is, a bona fide dispute over the allowance of lawful payments, credits and offsets for the account of Rhino. Based upon the records attached, the amount claimed and awarded in Vulcan's judgment is incorrect as it is far in excess of the amounts indicated in the records.

**EXHIBIT _B_**

STATE OF TEXAS                                    §
                                                  §
COUNTY OF CRAWFORD                                §

       BEFORE ME, the undersigned authority, on this day personally appeared Nancy W. Russell____, known to me, who being by me duly sworn upon oath deposes and states that xx is over the age of eighteen (18), that he/she is of sound mind, that he/she is fully competent to make this affidavit and acknowledgement, that he/she has personal knowledge of every statement contained herein, that the statements contained in the above instrument are true and correct, and that he/she executed the above instrument for the purposes and consideration therein expressed.

       SUBSCRIBED AND SWORN TO BEFORE ME, and given under my hand and seal of office this 29 day of January____, 2015.

_Lilia Sotelo_____
Notary Public in and for
Said County and State

My Commission Expires:

_7-8-2017_____

# Rhino Contractors, LLC
## Vendor Open Balance
### All Transactions

| Num | Memo | Open Balance |
|---|---|---|
| **VULCAN CONSTRUCTION MATERIALS** | | |
| 61011923 | Vulcan Lost Check | 21,127.12 |
| 61049571 | Bahia Grande SD: 11.12,13,14, 2014 | 79,223.62 |
| 61049570 | Bahia Grande SD: 11.12.13 | 3,626.93 |
| 61049573 | Bahia Grande SD:11.18,19,20,21,22 2( | 87,998.81 |
| 61053866 | Laguna B SD:2.4-5.2014 | 13,684.16 |
| 61057777 | Laguna B SD:2.19 and 2.20.14 | 14,672.69 |
| 61049215 | Laguna B SD:1.16.14 | 12,956.67 |
| 61050846 | Laguna B SD: 1.21,22,23 2014 | 34,490.71 |
| 61052480 | Laguna B SD: 1.27.14 | 8,370.50 |
| 61055500 | Laguna B SD: 2.10,13 2014 | 11,504.08 |
| 61057778 | Laguna B SD: 2.17,18,19 2014 | 9,874.20 |
| **TOTAL** | | **297,529.49** |

RHINO 0001

# Rhino Contractors, LLC
## Bill Payments for VULCAN CONSTRUCTION MATERIALS
### All Transactions

| Type | Num | Date | Amount | Open Balance | Memo |
|------|-----|------|--------|--------------|------|
| Bill Pmt -Check | 13600 | 07/16/2014 | 3,174.78 | | 93988.212961 |
| Bill Pmt -Check | 13558 | 06/15/2014 | 718.69 | | 93988.212961 |
| Bill Pmt -Check | 13523 | 05/08/2014 | 9,706.48 | | Laguna B JO... |
| Bill Pmt -Check | 13445 | 04/01/2014 | 58,797.05 | | JOB 1246 La... |
| Bill Pmt -Check | 13387 | 02/17/2014 | 21,129.65 | | JOB 1246 La... |
| Bill Pmt -Check | 13309 | 01/12/2014 | 1,026.08 | | JOB 1246 Lag... |
| Bill Pmt -Check | 13317 | 01/10/2014 | 23,666.69 | | JOB 1246 Lag... |
| Bill Pmt -Check | 13282 | 12/23/2013 | 38,741.50 | | JOB 1246Lag... |
| Bill Pmt -Check | 13224 | 12/02/2013 | 66,193.75 | | JOB 1246 Lag... |
| Bill Pmt -Check | 13121 | 10/24/2013 | 0.00 | | VOID: 93988.... |
| Bill Pmt -Check | 13120 | 10/23/2013 | 19,821.27 | | JOB 1238 La... |
| Bill Pmt -Check | 13117 | 10/21/2013 | 6,607.09 | | JOB 1238 La... |
| Bill Pmt -Check | 13058 | 10/01/2013 | 35,311.50 | | JOB 1238 La... |
| Bill Pmt -Check | 13059 | 10/01/2013 | 0.00 | | VOID: $26428... |
| Bill Pmt -Check | 13060 | 09/17/2013 | 348.88 | | Job 1238 Lat... |
| Bill Pmt -Check | 13028 | 09/15/2013 | 2,098.65 | | Job 1238 Lag... |
| Bill Pmt -Check | 12928 | 07/24/2013 | 18,228.70 | | Job 1238 Lag... |
| Bill Pmt -Check | 12899 | 07/16/2013 | 58,242.80 | | Job 1238 Lag... |
| **Total** | | | **363,813.56** | **0.00** | |

RHINO 0002

**6.15.14**

| | Delivery Location | Date | Due Date | Inventory No | Balance | DOC | |
|---|---|---|---|---|---|---|---|
| 1 | FWS Laguna Atascosa NWR: Fe | 8.27.2013 | 9.15.2013 | 61011923 | 21,127.12 | see enclosed | Paid by ck # 13121 $21127.12 FED EX 802457937474 Receipt Traci Lynner |
| | | | | | | | * Need explanation for Government on what happened to the check |
| 2 | FWS Laguna Atascosa NWR | 9.23.2013 | 10.15.2013 | 61019776 | ($348.83) | | |
| 3 | Late Charge | 9.30.2013 | 10.15.2013 | 33690 | 311.68 | $ 311.68 | Rhino will pay.. We did not mail the check until 10.23.14 due to Government Shutdown |
| | | | | | | | ck #13558 |
| 4 | FWS Laguna Atascosa NWR | 9.30.2013 | 10.15.2013 | 61022340 | 501.77 | 0 | As per email dated 12.6 13, ticket # 57000633 is not Rhino |
| 5 | Late Charge | 10.31.2013 | 11.15.2013 | 36298 | 1,089.80 | 0 | REVIEW |
| 6 | FWS Laguna Atascosa NWR | 11.11.2013 | 12.15.2013 | 61033533 | 31,365.05 | | VOID:This invoice was partly on Inv 61049568; Need to reinvoice for the remaining not billed |
| 7 | Late Charge | 11.30.2013 | 12.15.2013 | 39490 | 1,893.23 | $ 407.01 | See Below(Owe $407.01)ck#13558 |
| 8 | FWS Laguna Atascosa NWR | 12.20.2013 | 01.15.2014 | 61042888 | 8,127.00 | | Incorrect: Rhino does not have ticket # 57004615: pending revised invoice |
| 9 | Late Charge | 12.31.2013 | 01.15.2014 | 43151 | 5,251.64 | | REVIEW |
| 10 | Bahia Grande Wildlife | 01.24.2014 | 02.15.2014 | 61049569 | 55,459.58 | see enclosed | REBILL requested on in 61033535 and on 61049569 due to 57002063 is not our receipt |
| | | 2.12.14 | 3.15.2014 | 61054012 | 316.82 | see enclosed | See note on invoice |

1 I'm attaching the documents sent along with Fed Ex Receipt.. Did Vulcan not find the package. Need a statement whether it was lost?

3 Paid by Rhino.. We were late in payment due to Government shut down

4 Need a revised invoice because the noted ticket was not Rhino; This was on the previous request          116,892.20

** On Inv 61022340, there was one weight ticket that was not ours; I never received the rebill so I paid the
invoice less that receipt. David, I think I gave you a copy when I made the payment... I can look up the information

6 See notes, need for it to be rebilled. I talked previously with the assistant Angel and explained the error. I never received the revised invoice

7 Rhino paid partial... LEE this was on the previous correspondence and I don't have the explanation

8 see notes by invoice

9 see notes by invoice

* I mailed the check to clear #3 and #7 so I can validate everything with the government ck# 13558

* I will start making payment next week on the January invoices;can we get these last few things corrected.

61049215  61049568
61050846  61049571
61052480  61049570
61052481  61049574
61052481  61049572

RHINO 0003

68

## TIMELINE OF COMMUNICATIONS/EMAILS

7.2.13      *emailed David Farrar[Vulcan Rep] that invoices were incorrect: Cost/ton was incorrect
         *Payment were not being applied to accounts due to their billing systems

8.13.13      Emailed that revised invoices had not been sent to Rhino
         Emailed that payments were not reflected on Vulcan's Statement

8.24.13      RC received the revised invoices for deliveries on 7.3.13
         Requested corrected Vulcan Statement w. RC payments reflected on Statement

8.31.13      RC received Statement with NO CORRECTIONS/No late charges removed

9.15.13      RC emailed various individuals at Vulcan's Corporate offices requesting assistance

9.16.13      same

9.17.13      same

**10.1.13 thru 10.23.13 GOVERNMENT SHUT DOWN**

10.20.13      RC emailed David that I had a check ready because David wanted to pick them up; NO SHOV

10.22.13      RC emailed Vulcan requesting correction to statement and invoices;

10.23.13      RC overnighted payment to Vulcan Office... Vulcan could not find it even though RC has trac
         number and signature from Vulcan office
         ** Requested corrections to invoices along with revised statement/invoices..

10.25.13      Vulcan shut down RHINO's account ..even though no action was taken to correct account
         *** NOTE: US FISH had agreed to continue payments for deliveries however commitment w
           not honored at the last minute due to accounting requirements of US Fish; thus RC had
         to void payment on one check
         **** CONTINUED REQUESTING CORRECTIONS TO INVOICES

12.16.13      Emailed David Farrar that none of RC invoices had been corrected!!! Stated that I had been
         working on this since July 2013 with no progress

1.14.14      RC meet with David Farrar at Jack in the Box.. Requested revised documents

    1.2014 RC received some of the revised invoices but the majority remained incorrect

4.29.14      Vulcan appointed new account services individual to assist with correction: NO PROGRESS

5.1.14      RC emailed errors on statements/ invoices

5.6.14 thru 5.23.14 RC in constant communications with Vulcan; requesting revisions

6.15.14      RC emailed errors on statements/ invoices

6.20.14      RC emailed to Vulcan support documents to illustrate corrections needed on invoices/state

8.3.14      RC spoke with a local attorney: Jason Mann and asked for their help to rectify the invoices/s

RHINO 0004

| | |
|---|---|
| From: | Nancy Russell [nancy@rhino-rgv.com] |
| Sent: | Sunday, May 11, 2014 7:20 PM |
| To: | 'White, Adela' |
| Cc: | 'Lee Russell' |
| Subject: | RE: RHINO CONTRACTORS email 22 |

Vulcan Materials Inc
1200 Urban Ctr Dr
Birmingham AL 35242

It appears that most of the Fed Ex shipping labels were addressed to Traci Lynch. Someone must have given me her name in all of this mess. The check has not cleared. I did notice that the check for $58,000+ did clear ..

I am going to be flying all day tomorrow so will be out of touch. I have finished one more of the group of invoices. I need to have an updated statement showing all of the items corrected that were to be correct and/or cleared done. I have to submit this to US Fish and SBA. I will be sending another batch of checks. I will be in a conference most of the week but just email me and I will respond late at night.

**Nancy W Russell**
**CEO/President**
**Rhino Contractors, LLC**
**SBA 8A/WOSB/HUB Certified**
**26163 Altas Palmas Road**
**Harlingen Texas 78552**
**Office:956.364.1737**
**Fax:956.412.6240**
**Cell:956.535.4900**

**From:** White, Adela [mailto:whitead@vmcmail.com]
**Sent:** Tuesday, May 06, 2014 2:06 PM
**To:** Nancy Russell
**Subject:** Re: RHINO CONTRACTORS email 22

Nancy,
I'm needing the address where ck#13121 was sent, and date it cleared your bank.

Thank you,

On Fri, May 2, 2014 at 9:27 AM, Nancy Russell <nancy@rhino-rgv.com> wrote:

I am finishing those today and will have a response.  Lee , I appreciate you helping.

As I stated in my emails, Vulcan has put me in a difficult situation with the SBA because I wasn't able to comply with the reports that I requested in July.  If you will read my email, you will see where I request the "urgency" to my account.  Rhino is an SBA 8A company and this has caused me a lot of problems.  I was told in January 2014 by David Farrar that everything would be taken care of... and I would have someone to work with.  Again, nothing happened.

**Nancy W Russell**

**CEO/President**

**Rhino Contractors, LLC**

**SBA 8A/WOSB/HUB Certified**

**26163 Altas Palmas Road**

**Harlingen Texas  78552**

**Office:956.364.1737**

**Fax:956.412.6240**

**Cell:956.535.4900**

**From:** McCarty Jr, Lee [mailto:mccartyl@vmcmail.com]
**Sent:** Friday, May 02, 2014 9:08 AM
**To:** Nancy Russell
**Subject:** Re: RHINO CONTRACTORS email 22

RHINO 0006

2

We will remove the late charges. Adela will be emailing soon. Lots of January invoices due, any problems on them?

On Thu, May 1, 2014 at 6:23 PM, Nancy Russell <nancy@rhino-rgv.com> wrote:

Lee, Attached are the a few request for copies of the late charges. I am having to go back to all my emails to your company to verify everything. But I will be finished. Here is the initial half. I await for the copies and corrections.

**Nancy W Russell**

**CEO/President**

**Rhino Contractors, LLC**

**SBA 8A/WOSB/HUB Certified**

**26163 Altas Palmas Road**

**Harlingen Texas 78552**

**Office:956.364.1737**

**Fax:956.412.6240**

**Cell:956.535.4900**

**From:** McCarty Jr, Lee [mailto:mccartyl@vmcmail.com]
**Sent:** Wednesday, April 30, 2014 1:35 PM
**To:** Nancy Russell
**Subject:** Re: Scan from a Xerox WorkCentre

3

Thank you

RHINO 0008

On Wed, Apr 30, 2014 at 1:23 PM, Nancy Russell <nancy@rhino-rgv.com> wrote:

I am preparing a spreadsheet of every invoice that is incorrect and will have this to you by tomorrow or Friday morning at the latest.

**Nancy W Russell**

**CEO/President**

**Rhino Contractors, LLC**

**SBA 8A/WOSB/HUB Certified**

**26163 Altas Palmas Road**

**Harlingen Texas 78552**

**Office:956.364.1737**

**Fax:956.412.6240**

**Cell:956.535.4900**

**From:** McCarty Jr, Lee [mailto:mccartyl@vmcmail.com]
**Sent:** Wednesday, April 30, 2014 8:27 AM
**To:** Nancy Russell
**Subject:** Re: Scan from a Xerox WorkCentre

Confused, the note you sent Adela is prior August 27 and taken care of. I need to know about the 26 invoices still due. How can we help? Once paid I can remove the late fee's.

4

On Tue, Apr 29, 2014 at 3:31 PM, Nancy Russell <nancy@rhino-rgv.com> wrote:

I have them finished on my side.  The penalties have to be removed starting with 7.31.2013.  I sent correspondence  to Adela so there is a clean explanation of the errors.  I am working on your account right now as well... because I want to clear this now that I have someone to work with. Thank you for assigning someone.  I would appreciate there being actions taken on the issues address in my email from 7.31.13.

**Nancy W Russell**

**CEO/President**

**Rhino Contractors, LLC**

**SBA 8A/WOSB/HUB Certified**

**26163 Altas Palmas Road**

**Harlingen Texas  78552**

**Office:956.364.1737**

**Fax:956.412.6240**

**Cell:956.535.4900**

**From:** McCarty Jr, Lee [mailto:mccartyl@vmcmail.com]
**Sent:** Tuesday, April 29, 2014 3:18 PM
**To:** Nancy Russell
**Cc:** Farrar, David
**Subject:** Re: Scan from a Xerox WorkCentre

I can have Adela send you all the 26 invoices, you mark what is wrong and we will get them corrected. Would that work for you?

5

74

RHINO 0010

On Tue, Apr 29, 2014 at 3:10 PM, Nancy Russell <nancy@rhino-rgv.com> wrote:

Lee, As I have stated since July 2013, I am required to have ALL the errors corrected on the statement. Secondly, the invoices that were rebilled are INCORRECT. I was told on 1.14.14 at 10:00 am that I would have contact person and everything would be cleared IMMEDIATELY..I received a phone call from David on 4.22.14 with my contact person so I can start all over again. I have sent over 20 request and no one has corrected any of the invoices nor errors. The attached statement clearly shows that ALL of my correspondence has been ignored so WHO do I go to ask for assistance? Just let me know. Do I go thru Adela or Linda Trimpe?

**Nancy W Russell**

**CEO/President**

**Rhino Contractors, LLC**

**SBA 8A/WOSB/HUB Certified**

**26163 Altas Palmas Road**

**Harlingen Texas 78552**

**Office:956.364.1737**

**Fax:956.412.6240**

**Cell:956.535.4900**

**From:** McCarty Jr, Lee [mailto:mccartyl@vmcmail.com]
**Sent:** Tuesday, April 29, 2014 2:43 PM
**To:** lee@rhino-rgv.com
**Cc:** nancy@rhino-rgv.com; Kenny Warr; David Farrar; Adela White
**Subject:** Fwd: Scan from a Xerox WorkCentre

6

I have reviewed your email that you sent Adela today. It looks like all invoices prior to August 27 have been taking care of. We now need to address the 26 invoices forward that total $490k and are seriously past due. Please review the attached statement with invoices that are checked. Please respond on David picking up a check tomorrow.

---------- Forwarded message ----------
From: <4thFloorXEROX@vmcmail.com>
Date: Tue, Apr 29, 2014 at 2:40 PM
Subject: Scan from a Xerox WorkCentre
To: Lee McCarty <mccartyl@vmcmail.com>


Please open the attached document. It was scanned and sent to you using a Xerox WorkCentre.

Sent by: Guest [4thFloorXEROX@vmcmail.com]
Attachment File Type: PDF

WorkCentre Location: 4th Floor Sales Isom Rd
Device Name: XRX0000AADDE31F


For more information on Xerox products and solutions, please visit http://www.xerox.com


--


*Lee McCarty | Credit Manager | Vulcan Materials Company*
*800 Isom Road, Ste. 300 • San Antonio, Texas 78216   W: (210) 524-3524   F: (210) 524-3555*

*email: mccartyl@vmcmail.com*

This email is free from viruses and malware because avast! Antivirus protection is active.

--

*Lee McCarty | Credit Manager | Vulcan Materials Company*
*800 Isom Road, Ste. 300 • San Antonio, Texas 78216   W: (210) 524-3524   F: (210) 524-3555*

*email: mccartyl@vmcmail.com*

This email is free from viruses and malware because avast! Antivirus protection is active.

8

--

*Lee McCarty | Credit Manager | Vulcan Materials Company*
*800 Isom Road, Ste. 300 ● San Antonio, Texas 78216 | W: (210) 524-3524  F: (210) 524-3555*

*email: mccartyl@vmcmail.com*

This email is free from viruses and malware because avast! Antivirus protection is active.

--

*Lee McCarty | Credit Manager | Vulcan Materials Company*
*800 Isom Road, Ste. 300 ● San Antonio, Texas 78216 | W: (210) 524-3524 | F: (210) 524-3555*

*email: mccartyl@vmcmail.com*

RHINO 0014

This email is free from viruses and malware because <u>avast! Antivirus</u> protection is active.

--

**Lee McCarty | Credit Manager | Vulcan Materials Company**
*800 Isom Road, Ste. 300 • San Antonio, Texas 78216 | W: (210) 524-3524 | F: (210) 524-3555*

*email: mccartyl@vmcmail.com*

This email is free from viruses and malware because <u>avast! Antivirus</u> protection is active.

10

79

--
**Adela White | Credit and AR | SOR - Texas | Vulcan Materials Company |** Website: ☉ www.vulcanmaterials.com
800 Isom Rd. Ste. 300  San Antonio, TX  78216 |  W☎: (210)524-3503 |  F☎: (210) 524-3555| ☉:whitead@vmcmail.com


☒ This email is free from viruses and malware because avast! Antivirus protection is active.

11

| From: | Nancy Russell [nancy@rhino-rgv.com] |
|---|---|
| Sent: | Wednesday, October 23, 2013 5:01 PM |
| To: | 'Farrar. David' |
| Subject: | Payment |
| Attachments: | SPREADSHEET.xlsx |

David,

I overnighted(Lone Star overnight) a payment to your office in Brownsville Texas in the amount of $21127.12. Here is the updated spreadsheet. There was a payment made in the amount of $348.88 that needs to he applied to the late fee that was due on 10.15.13 for invoice 33690 in the amount of 311.68. Thus I have a remaining 31.97 that can be applied to invoice 6109776.

Invoice 61022340 has a ticket that was applied incorrectly #57000633. I will need the invoice correct and resubmitted. All of these invoices go to the government along with Weight tickets and they want everything exact.

**Nancy W Russell**
CEO/President
**Rhino Contractors, LLC**
SBA 8A/WOSB/HUB Certified
26163 Altas Palmas Road
Harlingen Texas 78552
Office:956.364.1737
Fax:956.412.6240
Cell:956.535.4900

1

81



October 24, 2013

Dear Customer:

The following is the proof-of-delivery for tracking number 802457937474.

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | V.WARD | Delivery location: | 1200 URBAN CENTER DR AL 35242 |
| Service type: | FedEx Standard Overnight | Delivery date: | Oct 23, 2013 09:16 |
| Special Handling: | Deliver Weekday | | |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 802457937474 | Ship date: | Oct 22, 2013 |

Recipient:
TRACIE LYNCH
VULIAN MATERIALS CO
1200 URBAN CTR DR
AL 35242 US

Shipper:
NANCY RUSSELL
RHINO CONTRACTORS. LLC
26163 ALTAS PALMAS RD
HARLINGEN, TX 785526285 US

Thank you for choosing FedEx.

82

RHINO 0017

**FedEx**
Express

Package
US Airbill

Fed Int'l
Airbill **8024 5793 7474**

Fpx
Sub **0215**

**1 From** Please print and press hard.

Date

Sender's FedEx
Account Number ____-8482-1

Sender's
Name MARTY PURSELL          Phone

Company RHINO CONTRACTORS, LLC

Address 1157 ALTAS PALMAS RD

City APPLETOWN          State          ZIP 78592-6705

**2 Internal Billing Reference**

**3 To**

Recipient's
Name *Tracie Lynch*          Phone *205.298.3000*          3/94

Company *Vulcan Materials Company*

Address *1200 Urban Center Drive*          HOLD Weekday

Address          HOLD Saturday

City *Birmingham*          State *AL.*          ZIP *35242*

0103313898

**4 Express Package Service**

☐ FedEx First Overnight

☐ FedEx Priority Overnight

☑ FedEx Standard Overnight

☐ FedEx 2Day A.M.

☐ FedEx 2Day

☐ FedEx Express Saver

**5 Packaging**

☑ FedEx Envelope          ☐ FedEx Pak          ☐ FedEx Box          ☐ FedEx Tube          ☐ Other

**6 Special Handling and Delivery Signature Options**

☐ SATURDAY Delivery

☐ No Signature Required          ☐ Direct Signature          ☐ Indirect Signature

Does this shipment contain dangerous goods?

☐ No          ☐ Yes          ☐ Yes          ☐ Dry Ice          ☐ Cargo Aircraft Only

**7 Payment** Bill to:

☑ Sender          ☐ Recipient          ☐ Third Party          ☐ Credit Card          ☐ Cash/Check

Total Packages          Total Weight          Total Declared Value

611

RHINO 0018

## Nancy Russell

**From:** Nancy Russell [nancy@rhino-rgv.com]
**Sent:** Sunday, May 11, 2014 7:20 PM
**To:** 'White, Adela'
**Cc:** 'Lee Russell'
**Subject:** RE: RHINO CONTRACTORS email 22

Vulcan Materials Inc
1200 Urban Ctr Dr
Birmingham AL 35242

It appears that most of the Fed Ex shipping labels were addressed to Traci Lynch. Someone must have given me her name in all of this mess. The check has not cleared. I did notice that the check for $58,000+ did clear ..

I am going to be flying all day tomorrow so will be out of touch. I have finished one more of the group of invoices. I need to have an updated statement showing all of the items corrected that were to be correct and/or cleared done. I have to submit this to US Fish and SBA. I will be sending another batch of checks. I will be in a conference most of the week but just email me and I will respond late at night.

**Nancy W Russell**
**CEO/President**
**Rhino Contractors, LLC**
**SBA 8A/WOSB/HUB Certified**
**26163 Altas Palmas Road**
**Harlingen Texas 78552**
**Office:956.364.1737**
**Fax:956.412.6240**
**Cell:956.535.4900**

**From:** White, Adela [mailto:whitead@vmcmail.com]
**Sent:** Tuesday, May 06, 2014 2:06 PM
**To:** Nancy Russell
**Subject:** Re: RHINO CONTRACTORS email 22

Nancy,
I'm needing the address where ck#13121 was sent, and date it cleared your bank.

Thank you,

1

On Fri, May 2, 2014 at 9:27 AM, Nancy Russell <nancy@rhino-rgv.com> wrote:

I am finishing those today and will have a response. Lee , I appreciate you helping.

As I stated in my emails, Vulcan has put me in a difficult situation with the SBA because I wasn't able to comply with the reports that I requested in July. If you will read my email, you will see where I request the "urgency" to my account. Rhino is an SBA 8A company and this has caused me a lot of problems. I was told in January 2014 by David Farrar that everything would be taken care of... and I would have someone to work with. Again, nothing happened.

**Nancy W Russell**

**CEO/President**

**Rhino Contractors, LLC**

**SBA 8A/WOSB/HUB Certified**

**26163 Altas Palmas Road**

**Harlingen Texas 78552**

**Office:956.364.1737**

**Fax:956.412.6240**

**Cell:956.535.4900**

**From:** McCarty Jr, Lee [mailto:mccartyl@vmcmail.com]
**Sent:** Friday, May 02, 2014 9:08 AM
**To:** Nancy Russell
**Subject:** Re: RHINO CONTRACTORS email 22

2

We will remove the late charges. Adela will be emailing soon. Lots of January invoices due, any problems on them?

On Thu, May 1, 2014 at 6:23 PM, Nancy Russell <nancy@rhino-rgv.com> wrote:

Lee, Attached are the a few request for copies of the late charges. I am having to go back to all my emails to your company to verify everything. But I will be finished. Here is the initial half. I await for the copies and corrections.

**Nancy W Russell**

**CEO/President**

**Rhino Contractors, LLC**

**SBA 8A/WOSB/HUB Certified**

**26163 Altas Palmas Road**

**Harlingen Texas 78552**

**Office:956.364.1737**

**Fax:956.412.6240**

**Cell:956.535.4900**

**From:** McCarty Jr, Lee [mailto:mccartyl@vmcmail.com]
**Sent:** Wednesday, April 30, 2014 1:35 PM
**To:** Nancy Russell
**Subject:** Re: Scan from a Xerox WorkCentre

3

RHINO 0021

86

Thank you

On Wed, Apr 30, 2014 at 1:23 PM, Nancy Russell <nancy@rhino-rgv.com> wrote:

I am preparing a spreadsheet of every invoice that is incorrect and will have this to you by tomorrow or Friday morning at the latest.

**Nancy W Russell**

**CEO/President**

**Rhino Contractors, LLC**

**SBA 8A/WOSB/HUB Certified**

**26163 Altas Palmas Road**

**Harlingen Texas 78552**

**Office:956.364.1737**

**Fax:956.412.6240**

**Cell:956.535.4900**

**From:** McCarty Jr, Lee [mailto:mccartyl@vmcmail.com]
**Sent:** Wednesday, April 30, 2014 8:27 AM
**To:** Nancy Russell
**Subject:** Re: Scan from a Xerox WorkCentre

Confused, the note you sent Adela is prior August 27 and taken care of. I need to know about the 26 invoices still due. How can we help? Once paid I can remove the late fee's.

4

RHINO 0022

87

On Tue, Apr 29, 2014 at 3:31 PM, Nancy Russell <nancy@rhino-rgv.com> wrote:

I have them finished on my side. The penalties have to be removed starting with 7.31.2013. I sent correspondence to Adela so there is a clean explanation of the errors. I am working on your account right now as well... because I want to clear this now that I have someone to work with. Thank you for assigning someone. I would appreciate there being actions taken on the issues address in my email from 7.31.13.

**Nancy W Russell**

**CEO/President**

**Rhino Contractors, LLC**

**SBA 8A/WOSB/HUB Certified**

**26163 Altas Palmas Road**

**Harlingen Texas 78552**

**Office:956.364.1737**

**Fax:956.412.6240**

**Cell:956.535.4900**

**From:** McCarty Jr, Lee [mailto:mccartyl@vmcmail.com]
**Sent:** Tuesday, April 29, 2014 3:18 PM
**To:** Nancy Russell
**Cc:** Farrar, David
**Subject:** Re: Scan from a Xerox WorkCentre

I can have Adela send you all the 26 invoices, you mark what is wrong and we will get them corrected. Would that work for you?

5

RHINO 0023

88

On Tue, Apr 29, 2014 at 3:10 PM, Nancy Russell <nancy@rhino-rgv.com> wrote:

Lee, As I have stated since July 2013, I am required to have ALL the errors corrected on the statement. Secondly, the invoices that were rebilled are INCORRECT. I was told on 1.14.14 at 10:00 am that I would have contact person and everything would be cleared IMMEDIATELY..I received a phone call from David on 4.22.14 with my contact person so I can start all over again. I have sent over 20 request and no one has corrected any of the invoices nor errors. The attached statement clearly shows that ALL of my correspondence has been ignored so WHO do I go to ask for assistance? Just let me know. Do I go thru Adela or Linda Trimpe?

**Nancy W Russell**

**CEO/President**

**Rhino Contractors, LLC**

**SBA 8A/WOSB/HUB Certified**

**26163 Altas Palmas Road**

**Harlingen Texas  78552**

**Office:956.364.1737**

**Fax:956.412.6240**

**Cell:956.535.4900**

**From:** McCarty Jr, Lee [mailto:mccartyl@vmcmail.com]
**Sent:** Tuesday, April 29, 2014 2:43 PM
**To:** lee@rhino-rgv.com
**Cc:** nancy@rhino-rgv.com; Kenny Warr; David Farrar; Adela White
**Subject:** Fwd: Scan from a Xerox WorkCentre

6

89

I have reviewed your email that you sent Adela today. It looks like all invoices prior to August 27 have been taking care of. We now need to address the 26 invoices forward that total $490k and are seriously past due. Please review the attached statement with invoices that are checked. Please respond on David picking up a check tomorrow.

---------- Forwarded message ----------
From: <4thFloorXEROX@vmcmail.com>
Date: Tue, Apr 29, 2014 at 2:40 PM
Subject: Scan from a Xerox WorkCentre
To: Lee McCarty <mccartyl@vmcmail.com>

Please open the attached document. It was scanned and sent to you using a Xerox WorkCentre.

Sent by: Guest [4thFloorXEROX@vmcmail.com]
Attachment File Type: PDF

WorkCentre Location: 4th Floor Sales Isom Rd
Device Name: XRX0000AADDE31F

For more information on Xerox products and solutions, please visit http://www.xerox.com

--

*Lee McCarty | Credit Manager | Vulcan Materials Company*
*800 Isom Road, Ste. 300 • San Antonio, Texas 78216 | W: (210) 524-3524 | F: (210) 524-3555*

*email: mccartyl@vmcmail.com*

RHINO 0025

7

90

 This email is free from viruses and malware because avast! Antivirus protection is active.

--

***Lee McCarty | Credit Manager | Vulcan Materials Company***
*800 Isom Road, Ste. 300* • *San Antonio, Texas 78216* | *W: (210) 524-3524* | *F: (210) 524-3555*

*email: mccartyl@vmcmail.com*

 This email is free from viruses and malware because avast! Antivirus protection is active.

RHINO 0026

8

--

*Lee McCarty | Credit Manager | Vulcan Materials Company*
*800 Isom Road, Ste. 300 • San Antonio, Texas 78216 | W: (210) 524-3524 | F: (210) 524-3555*

*email: mccartyl@vmcmail.com*

☒ This email is free from viruses and malware because avast! Antivirus protection is active.

--

*Lee McCarty | Credit Manager | Vulcan Materials Company*
*800 Isom Road, Ste. 300 • San Antonio, Texas 78216 | W: (210) 524-3524 | F: (210) 524-3555*

RHINO 0027

92

*email: mccartyl@vmcmail.com*

 This email is free from viruses and malware because avast! Antivirus protection is active.

--

*Lee McCarty | Credit Manager | Vulcan Materials Company*
*800 Isom Road, Ste. 300 • San Antonio, Texas 78216 | W: (210) 524-3524 | F: (210) 524-3555*

*email: mccartyl@vmcmail.com*

 This email is free from viruses and malware because avast! Antivirus protection is active.

10

--

**Adela White | Credit and AR | SOR - Texas | Vulcan Materials Company** | Website: ☀ www.vulcanmaterials.com
800 Isom Rd. Ste. 300 San Antonio, TX 78216 | W ☎: (210)524-3503 | F ☎: (210) 524-3555| ☀:whitead@vmcmail.com

☒ This email is free from viruses and malware because avast! Antivirus protection is active.

RHINO 0029

11